**Loretta ELDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42966.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C., Brough, Ed McDonough and Phyllis Bell, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The offense is possession of dangerous drugs, to wit: barbiturates, subsequent offense; the punishment, six years in the Texas Department of Corrections.[1] The conviction was under the provisions of Article 726d, Vernon's Ann.P.C., as amended in 1959 (Acts 1959, 56th Leg., p. 923, ch. 425) and as amended in 1965 (Acts 1965, 59th Leg., p. 971, ch. 466).[2]

---

1. The offense was alleged to have occurred on September 1, 1967. Appellant's one day trial commenced on April 26, 1968. The record, however, did not reach this court until March 10, 1970.

2. See White v. State, Tex.Cr.App., 440 S.W.2d 660, holding the 1967 amendment to Article 726d, supra (Acts 1967, 60th Leg., p. 1847, ch. 720) unconstitutional and noting that Article 726d, supra, as amended in 1967, remained in full force and effect. Now see the 1969 amendment to said statute (Acts 1969, 61st Leg., p. 1474, ch. 437).

The appellant waived trial by jury and entered a plea of not guilty before the court. See Article 1.15, Vernon's Ann. C.C.P. After both sides rested and closed, the court held a "punishment hearing" apparently in accordance with the provisions of Article 37.07, Sec. 3(a), V.A.C.C.P., as amended 1967 (Acts 1967, 60th Leg., p. 1739, ch. 659).

In six grounds of error appellant contends the evidence is insufficient to reflect a previous misdemeanor conviction for possession of barbiturates alleged in the indictment as a jurisdictional element of the offense charged. Appellant correctly points out the State relies upon an oral stipulation. Among other things, she contends the stipulation was not effective because she did not personally join therein and the stipulation did not cover the finality of the prior misdemeanor conviction as alleged in the indictment.

We need not consider all of appellant's grounds of error since it is clear that the *oral* stipulation entered does not comply with the requirements of Article 1.15, V.A. C.C.P., which applies to *any plea entered before the court,* after waiver of a jury trial, in non-capital felony cases.

Article 1.15, V.A.C.C.P., provides:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, or in capital cases where the state has waived the death penalty the defendant, *upon entering a plea,* has in open court in person waived his right of trial by jury in writing; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. *The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents to the introduction of testimony by affidavits, written statements of witnesses, judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed, with all of such evidence, in the file of the papers of the cause."* (emphasis supplied)

In Rodriguez v. State, Tex.Cr. App., 442 S.W.2d 376, it was held that Article 1.15, supra, applied to a plea of not guilty entered before the court to a charge of felony theft so as to render inadmissible an oral stipulation dictated into the record. In reversing Rodriguez's conviction, the court fully discussed the question now under consideration. Such ground need not be replowed. The statute is mandatory and does not permit the trial court to accept any stipulated evidence except in writing and in conformity with its provisions. Oral stipulations in any form are not permissible.[3]

Independent of the invalid stipulation, the evidence is not sufficient to sustain the allegation as to the prior conviction.[4]

We further observe that the oral stipulation as to the testimony of the chemist R. F. Crawford and his report do not meet the requirements of Article

3. This is true whether the oral stipulation relates as to what a witness would testify or to the truth of an allegation in the indictment. Parties by agreement cannot circumvent the requirements of the statute.

4. Officer Alcorn's testimony that he had arrested the appellant "in the misdemeanor case" does not reflect a final and valid conviction therefor. Neither does the court's unresponded to assertion as to the prior conviction constitute such evidence. The appellant's answer, "Yes, Your Honor" was in response to the immediate preceding question by the court, "Are you Loretta Elder who is charged in this indictment?".

1.15, supra.[5] Still further, there was no waiver either oral or written of the appearance, confrontation and cross-examination of such witness as required by such statute. See Alonzo v. State, Tex.Cr.App., 462 S.W.2d 602. The testimony of such witness and his report formed a vital part of the State's case.

The statute in question expresses its purpose in plain and unambiguous language and its meaning is clear and obvious. If its application brings about an unseeming result in cases such as the one at bar, this, then, is a matter addressed to the sound discretion of the Legislature. It is not the function of this court to set aside the clear intent of the Legislature and by our opinions re-draft this statute to suit the members of this court.

For the reasons stated, the judgment is reversed and the cause remanded.

---

5. The record reflects that State's counsel (Mr. McDonough) offered the following *oral stipulation:*

"At this time I believe it would be stipulated that Dr. R. F. Crawford would *testify* to the following; may it be agreed and stipulated by counsel for the defendant and the defendant herself that if R. F. Crawford were here he would *testify* under oath that he *is* a qualified chemist and an expert able to determine from an examination of an unknown capsule what the substance is, whether or not it contains any derivative of barbiturate; further, if he were here *to testify he would testify* under oath that on the 5th of September, 1967 he took from the chemist lock box a package that was submitted by Officers Alcorn and Stringfellow and that that package contained 31 red and 87 red and blue capsules; after examination and analysis of same these capsules revealed that they contained a derivative of barbiturate. *In connection therewith* I would ask that this instrument be marked as State's Exhibit 1." (Such exhibit being a one page unsworn to and unsigned chemist report)

"MR. DEVINE (Defense Counsel): We agree and stipulate that this exhibit can be admissible. We agree and stipulate that *the capsule* did in fact contain barbiturates but I don't care to stipulate to the qualifications of Mr. Crawford. I will admit the Defendant was searched and admit these were barbiturate capsules that were put into the lock box and from the lock box wherever they go to and we will admit that. I see no material advantage for the State to require me to stipulate that Mr. Crawford is an expert.

"THE COURT: Is that *your* stipulation?

"MR. DEVINE: Yes, sir.

"THE COURT: The Court will accept the stipulation as it stands." (emphasis supplied)

It is obvious that the appellant did not accept the State's offered stipulation as to the chemist's testimony and there is no showing that the State accepted appellant's counter offer. It is not clear which stipulation the court had reference to in its remark.

If the stipulation related to the report and not the chemist's testimony and there is any substantial difference between the two, then it may well be questioned whether the unsworn report of a witness whose appearance, confrontation and cross-examination was not waived was of any probative value even in absence of the provisions of Article 1.15, V.A.C.C.P. See Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128; Pitcock v. State, Tex. Cr.App., 324 S.W.2d 867; Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793.

Further, in Crawford v. State, 161 Tex.Cr.R. 554, 278 S.W.2d 845, this court said:

"Counsel for the accused cannot agree that his client is guilty of the crime charged, nor can he admit the existence of incriminatory facts. This may be done only by the accused. Nels v. State, 2 Tex. 280; Clayton v. State, 4 Tex.App. 515; Murmutt v. State, Tex.Cr.App., 63 S.W. 634; Woodall v. State, 58 Tex.Cr. R. 513, 126 S.W. 591; Sullivan v. State, 83 Tex.Cr.R. 477, 204 S.W. 1169; 5 Tex.Jur. p. 455; 42 Tex.Jur. p. 79.

"In Bell v. State, 2 Tex.App. 215, it was held that an attorney could not waive the privilege accorded the accused to be confronted by the witnesses."