**Vincent Sanchez RANGEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43573.**

Court of Criminal Appeals of Texas.

March 31, 1971.

Jones, Blakeslee, Minton Burton & Fitzgerald by John L. Foster, Austin, for appellant.

Bob Smith, Dist. Atty., Phillip A. Nelson, Jr., and Lawrence Wells, Asst. Dist. Attys.,

and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of heroin. The punishment was assessed at five years.

Appellant waived a jury and pled not guilty. He further waived in writing his right to the appearance, confrontation, cross-examination of witnesses and agreed to stipulate the testimony. Appellant now challenges the sufficiency of the stipulations.

After the plea, the State and the appellant stipulated certain pre-trial testimony and that C. H. Beardsley would testify that the capsule submitted to him for analysis contained heroin. The pre-trial testimony was made a part of the record along with oral stipulations.

In light of the previous decisions of this Court in Rodriquez v. State, 442 S.W.2d 376, and Elder v. State, 462 S.W.2d 6, the stipulations which were entered into at the time of trial are not sufficient to satisfy the requirements of Article 1.15, Vernon's Ann.C.C.P., in pleas before the court in non-capital felonies.

The requirements of Article 1.15, supra, relating to stipulated testimony, are two-fold. First, the defendant must consent in writing and in open court to waive the appearance, confrontation and cross-examination of witnesses. This was fully complied with in the case at bar.

Second, the defendant must consent, in writing, to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence and such consent and evidence must be filed with the papers of the cause. According to Elder v. State, supra, any stipulated testimony must be reduced to writing, consented to by the defendant, and approved by the court prior to the time it is introduced into evidence.

The pre-trial testimony was not reduced to writing at the time it was introduced and cannot be considered.[1]

Since the stipulated testimony cannot be considered, the evidence is insufficient to support the conviction.

The judgment is reversed and the cause is remanded.

[1]. The writer does not think this strict rule is needed especially where a plea of not guilty has been entered. An accused represented by counsel usually knows what evidence can or will be introduced. To permit a stipulation of the testimony of a witness would save time of our over burdened courts when so many cases are now awaiting trial. If an accused and his counsel do not believe or have some doubt that a witness will testify in a certain way, they do not have to stipulate, and the witness will have to testify at the trial.

This has been noted so that the Legislature now in session might, if it sees fit, amend the statute and provide a more simple and less burdensome procedure for trials of criminal cases.
Oral stipulations are allowed in civil cases and have been allowed previously in criminal cases. Readopting such a rule would not take any rights away from an accused, but would provide for speedy trials, a right to which everyone is entitled.