**Dyon Weslie DRAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43658.**

Court of Criminal Appeals of Texas.

April 20, 1971.

Paul H. Stanford, Charles L. Caperton, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulrz, Jr. and Edgar A. Mason, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for felony theft. Trial was before the court on a plea of guilty. The punishment was assessed at two years.

The appellant, in his third ground of error, alleges that insufficient evidence was introduced to support his plea of guilty. We believe that this contention is with merit. The record contains the appellant's agreement to stipulate testimony and a waiver of jury. No written judicial confession appears in the record.

Oral stipulations concerning this cause were dictated into the record. The

stipulations were to the effect that a television set was acquired in Dallas County by means of a fraudulent check and that appellant was one of the co-conspirators to the crime.

The defendant then took the stand and testified as follows:

"Q Your name is Dyon Weslie Drain?

"A Yes, sir.

"Q And you heard me make several waivers for you, and did I have the right to make those waivers for you?

"A Yes, sir.

"Q And are you guilty of this charge and are you pleading guilty because you are guilty and for no other reason?

"A Yes, sir.

"MR. SMITH: I believe that is all.

"THE COURT: Do you acknowledge to the Court that his name is Dyon Weslie Drain and he waives further arraignment?

"MR. SMITH: Yes, Your Honor.

"THE COURT: All right. Drain, the Court will accept your plea and find you guilty on your plea, and the Court will assess your punishment at confinement in the Texas Department of Corrections for a period of two years. Do you have anything to say why you should not be sentenced at this time?

"THE DEFENDANT: No, sir.

(Whereupon, the defendant was sentenced by the Court.)"

Art. 1.15, Vernon's Ann.C.C.P., provides: (Emphasis added)

" * * * unless in felony cases less than capital the defendant, upon entering a plea, has in open court in person waived his right of a trial by jury in writing; provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, *and further consents to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.* Such waiver and consent must be approved by the court in writing, and be filed, with all of such evidence, in the file of the papers of the cause."

The above stipulations being oral and not written are in violation of Art. 1.15, supra, and cannot be considered as evidence to support the plea of guilty. Elder v. State, Tex.Cr.App., 462 S.W.2d 6; Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376. See also: Rangel v. State, Tex.Cr.App., 464 S.W.2d 858, 1971.

The testimony of the appellant herein is not a judicial confession, but is merely an additional admonishment by counsel.[1]

For the reasons pointed out above, the judgment is reversed and the cause is remanded.

---

1. A judicial confession is sufficient to support a conviction after a plea of guilty. A procedure used in many of the trial courts of this State is recommended; after a plea of guilty the defendant testifies before the court and judicially confesses the elements of the offense.