Leroy Charles BEATY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 43692, 43693.

Court of Criminal Appeals of Texas.

April 27, 1971.

H. Edward Johnson, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., William A. Knapp, William W. Chambers and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals arise out of convictions for felony theft of automobiles.

On June 8, 1970, the appellant waived trial by jury and entered a plea of guilty before the court in Cause Nos. 78077 and 80141 in the Criminal District Court No. 2 of Tarrant County. The court heard the evidence offered in both cases at the same time. The punishment in each case was assessed at six years. The sentences were made to run concurrently.

Appellant's court appointed counsel on appeal determined that the appeals were, in his opinion, frivolous and without merit. Aware of his duties under such circumstances in light of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and the procedure recommended in Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, such counsel filed a brief in the trial court concluding that there was nothing to arguably support an appeal in either case.

Upon the filing of such brief the trial court followed the highly desirable practice utilized and described in Price v. State, Tex.Cr.App., 449 S.W.2d 73. See also Degay v. State, Tex.Cr.App., 455 S.W.2d 205. The appellant filed his pro se briefs in the trial court attacking the sufficiency of the stipulated evidence offered to support his pleas of guilty.

Upon an examination of the record, we find merit in his contention.

Article 1.15, Vernon's Ann.C.C.P., 1967, provides as follows:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, or in capital cases where the state has waived the death penalty the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed, with all of such evidence, in the file of the papers of the cause."

All of the evidence offered in both cases was stipulated. While the appellant waived in writing the appearance, confrontation and cross-examination of the witnesses against him, most of the evidence stipulated was orally dictated into the record. The provisions of Article 1.15, su-

pra, are mandatory, and if stipulated evidence is utilized then the requirements of such statute must be met. Such stipulated evidence must be in writing and be filed among the papers of the cause. Oral stipulations will not suffice in cases tried under the provisions of Article 1.15, supra whether the plea before the court is not guilty, Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376; Elder v. State, Tex.Cr. App., 462 S.W.2d 6; Rangel v. State, Tex.Cr.App., 464 S.W.2d 858 or guilty, Drain v. State, Tex.Cr.App., 465 S.W.2d 939.[1] The plea is immaterial.[2]

In Cause No. 78077 the only stipulated evidence offered which was in compliance with Article 1.15, supra, was the written statement of one Jimmerson who was arrested in Hillsboro in possession of the stolen automobile, and who related appellant had told him the car belonged to the appellant and that he was driving the car back to Temple at appellant's request after the appellant had been arrested and then jailed in Cleburne in lieu of a fine assessed for speeding, etc. Such statement standing alone is not sufficient evidence to support appellant's guilty plea in said Cause No. 78077 for the theft in Tarrant County of an automobile as alleged.

In Cause No. 80141 the only written statement or documentary evidence offered was the unsworn extrajudicial written confession of the appellant which is to be distinguished from a judicial confession. The predicate necessary for the introduction of such confession was orally stipulated as well as all other evidence. Further, in Franklin v. State, 140 Tex.Cr.R. 251, 144 S.W.2d 581, it was held that an extrajudi-

cial confession standing alone is not sufficient to support an accused's plea of guilty before the court under Article 12 (now Article 1.15), V.A.C.C.P. While such statement may be used in aid of the proof of the corpus delecti, it does not alone establish the corpus delecti. See also Ex parte Lyles, 168 Tex.Cr.R. 145, 323 S.W.2d 950.

At no time did the appellant take the witness stand after being sworn and make a judicial confession, nor was a "judicial confession" as used in Degay v. State, Tex.Cr.App., 455 S.W.2d 205, utilized. A judicial confession standing alone is sufficient to support appellant's guilty plea under provisions of Article 1.15, supra, despite any defects in stipulated evidence or the insufficiency of the other evidence offered. Alvarez v. State, Tex.Cr.App., 374 S.W.2d 890. See also Bell v. State, Tex. Cr.App., 455 S.W.2d 230.

It should be clear, though, from what has been said that the evidence is not sufficient in either case to support the convictions. See Elder v. State, supra; Rodriguez v. State, supra; Rangel v. State, supra; Drain v. State, supra.

The requirements of Article 1.15, supra, concerning stipulated evidence are relevant only to cases tried under the provisions of such statute. Felony jury trials, misdemeanor cases and civil causes are not affected. Although cases like Degay v. State, supra, demonstrate that the statutory requirements can be met without great difficulty, the Legislature may well consider, even at its present session, making uniform the requirements as to stipulated testimony.

For the reasons stated, the judgments are reversed and remanded.

---

1. Drain v. State, supra, although not expressly, has in effect overruled Zulpo v. State, Tex.Cr.App., 415 S.W.2d 650; Zulpo v. State, Tex.Cr.App., 415 S.W. 2d 653 and Smith v. State, Tex.Cr.App., 416 S.W.2d 425, to the extent of any conflict and rightly so.

2. The same would be true of a plea of nolo contendere. Article 27.02(6), V.A. C.C.P. Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56; Aguillar v. State, 170 Tex.Cr.R. 189, 339 S.W.2d 989; Bomar v. State, 172 Tex.Cr.R. 307, 356 S.W.2d 931; Chavarria v. State, Tex.Cr. App., 425 S.W.2d 822; Fierro v. State, Tex.Cr.App., 437 S.W.2d 833.