Charles Henry **ELLIOTT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43758.

Court of Criminal Appeals of Texas.

May 12, 1971.

v. State, Tex.Cr.App., 465 S.W.2d 939 (dated April 20, 1971); Elder v. State, Tex. Cr.App., 462 S.W.2d 6; Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376; Rangel v. State, Tex.Cr.App., 464 S.W.2d 858 (dated March 31, 1971).

 The record does not reflect that the defendant made a judicial confession either written or oral. Therefore, there is no evidence to support the plea of guilty.

For the reason pointed out above, the judgment is reversed and the cause is remanded.

W. Alfred Winder, Fort Worth, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary. Trial was before the court on a plea of guilty. The punishment was assessed at five years.

The record reflects that the defendant was duly admonished by the court of the consequences of his plea and he persisted in said plea and signed a written agreement to stipulate the evidence in said cause. Oral stipulations were dictated into the record by the assistant district attorney. When all of said stipulations were so dictated the appellant's attorney and the appellant in open court both agreed to the stipulated testimony.

The stipulations, had they been reduced to writing and introduced into evidence in said cause, would have been sufficient under Art. 1.15, Vernon's Ann. C.C.P. However, since said stipulations are oral, they cannot be considered as evidence to support the plea of guilty. Drain