**Harlon Ray SEXTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 44932, 44933.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Birdwell & Kuehne, by Jerry R. Birdwell, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

These are appeals from a conviction for possession of heroin and a conviction for possession of marihuana where the punishment in each case was assessed at five years.

On December 14, 1970, the appellant waived trial by jury in each case, entered pleas of guilty and agreed that the two cases could be heard together.

In each case on appeal appellant attacks the sufficiency of the stipulated evidence offered by the state to support the plea of guilty. Appellant contends that the stipulations were oral and thus not in compliance with the provisions of Article 1.15, Vernon's Ann.C.C.P. then in effect.[1] He relies upon Elliott v. State, 466 S.W.2d 562 (Tex.Cr.App.1971); Beaty v. State, 466 S.W.2d 284 (Tex.Cr.App.1971); Drain v. State, 465 S.W.2d 939 (Tex.Cr.App.1971); Rangel v. State, 464 S.W.2d 858 (Tex.Cr.App.1971); Elder v. State, 462 S.W.2d 6 (Tex.Cr.App.1971); Rodriguez v. State, 442 S.W.2d 376 (Tex.Cr.App.1969).

While the stipulations were oral we observe that the appellant was sworn and made a judicial confession. Corroboration is not required of such a judicial confession and it alone is sufficient to sustain a conviction. Alvarez v. State, 374 S.W.2d 890 (Tex.Cr.App.1964) and cases there cited. See also Sprinkle v. State, 456 S.W.2d 387 (Tex.Cr.App.1970); Vasquez v. State, Tex.Cr.App., 477 S.W.2d 629. It is true that appellant was not as thorough-

---

1. Article 1.15, supra, has now been amended to permit oral stipulations (Acts 1971, 62nd Leg. p. 3028, Ch. 996, Sec. 1, effective June 15, 1971).

ly interrogated as he might have been, but he clearly admitted that all the allegations in both indictments were true and correct. This constituted a judicial admission of the offenses charged. Rodriguez v. State, 375 S.W.2d 289 (Tex.Cr.App.1964).

The judgments are affirmed.