**Kenneth Wayne SPIVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44827.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

**332**

Donald R. Scoggins, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of a narcotic drug, to wit: marihuana, with the punishment assessed by the court at 4 years.

■ Appellant's first ground of error complains "the trial court committed reversible error by its failure to comply with Article 1.15 of the Texas Code of Criminal Procedure, which requires that all stipulations be reduced to writing." Appellant entered originally, a plea of not guilty and requested a trial by a jury. Shortly after a jury had been sworn and testimony had begun, appellant changed his plea to guilty and was duly admonished of the consequences thereof. Thereafter, oral stipulations were dictated to the court reporter in the presence of the jury. Upon completion of the oral stipulations, the court instructed the jury to find the appellant guilty and the jury returned a verdict of guilt. This trial was held on the 8th day of July, 1970, at which time Article 1.15, V.A.C.C.P. had not been amended. However, Article 1.15, supra, did not apply and does not apply to pleas of guilty before a jury. Miller v. State, 412 S.W.2d 650 (Tex.Cr.App.1967). Appellant's reliance upon Drain v. State, 465 S.W.2d 939 (Tex.Cr.App.1971) is misplaced. Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains "the trial court committed reversible error by its failure to follow Article 26.14, V.A.C.C.P., which requires that the jury assess the punishment in the instant case." Appellant had originally entered a plea of not guilty before a jury and had requested that the court fix punishment in the event of a finding of guilty by the jury. There was never any request that the jury fix the punishment in this cause. In Ring v. State, 450 S.W.2d 85 (Tex.Cr.App.1970), this Court had the same question before it. There it was held not to be reversible error. Appellant's second ground of error is overruled.

There being no reversible error, the judgment is affirmed.