**Jody Lee WHARTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45662–45665.**

Court of Criminal Appeals of Texas.

July 28, 1972.

Kenneth L. Sanders, Houston, for Jody Lee Wharton.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals arise out of convictions for robbery by assault (No. 45,662), forgery (No. 45,663), felony theft (No. 45,664), and burglary with intent to commit theft (No. 45,665). In the forgery case, the punishment was assessed at seven years. In the others, the punishment in each case was assessed at ten years.

On August 27, 1971, the appellant entered pleas of guilty before the court after waiving trial by jury in each case. He was duly admonished of the consequences of his plea in each case before the particular plea was accepted. He further agreed that the evidence to support the pleas of guilty could be offered at the same time.

In each case, the evidence was stipulated in accordance with Article 1.15, Vernon's Ann.C.C.P. Included within such stipulations which were introduced was a written sworn judicial confession in each case.

On appeal, the appellant challenges the sufficiency of the evidence in each case.

 Without the necessity of passing upon any possible defects in the other stipulated evidence, the judicial confession introduced was substantially in the form approved in Bell v. State, 455 S.W.2d 230 (Tex.Cr.App.1970). See, also, DeGay v. State, 455 S.W.2d 205 (Tex.Cr.App.1970). A judicial confession, standing alone, is sufficient to support a plea of guilty. See Beaty v. State, 466 S.W.2d 284, 286 (Tex. Cr.App.1971), and cases there cited.

The evidence in each case is, thus, sufficient to sustain the convictions.

In his pro se brief, appellant complains that the court erred in failing to make available to him the appellate record for the purpose of preparing a pro se brief.

First, it should be noted that we are not dealing with a case where appointed appellate counsel has determined that the appeal is wholly frivolous. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969). Second, upon request, the court ordered the appellate record in each case made available to the appellant. The record in these cases further reflects that only four days prior to the filing of the pro se brief, the appellant examined the appellate record from 9:30 to 11:50 a. m. on July 6, 1972, and stated the record was "in order."

We find no merit to appellant's contention.

The judgment is affirmed.

ROBERTS, J., not participating.