Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Q. Minton and John L. Foster, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

**Elizabeth Ann MARTINETS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45654.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied April 25, 1973.

Second Rehearing Denied May 23, 1973.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder with malice. Punishment was assessed at five years.

Appellant waived a jury and pled not guilty. She further waived in writing her right to the appearance, confrontation, cross-examination of witnesses and agreed to stipulation of the testimony.

Appellant contends that the evidence is insufficient to sustain the conviction in that the only evidence introduced was a stipulation of facts not in compliance with Article 1.15, Vernon's Ann.C.C.P.

The record reflects that this cause first went to trial on July 14, 1970, before a jury, and on July 17, 1970, appellant's motion for mistrial was granted.

On March 31, 1971, this cause was again called for trial and the appellant waived a jury and entered a plea of not guilty. The following written stipulation was entered into at the second trial:

"No. 40, 023

| | |
|---|---|
| THE STATE OF TEXAS<br>VS.<br>ELIZABETH ANN MARTINETS | IN THE 147TH JUDICIAL DISTRICT<br>COURT OF<br>TRAVIS COUNTY, TEXAS |

STIPULATION

ON THIS the 31st day of March, 1971, came on to be heard this stipulation and agreement by, between and among the Defendant, Elizabeth Ann Martinets, her attorneys, Hon. Roy Q. Minton and the Hon. Charles Burton and the State of Texas, through their assistant District Attorney in Cause Number 40,023 to waive a jury trial at this time and to adopt the transcript of the jury trial and the testimony and evidence presented therein on or about July 13, 1970 which was heard by the Hon. Terry Jacks wherein if required or requested said transcript is available for reproduction. Said Defendant being present during the entire trial and having taken the witness stand in her own defense and the jury trial resulting in a hung jury. It is expressly stipulated and agreed that said testimony and evidence shall be considered by the Court at this trial wherein a jury has been waived.

s/ Edith Roberts
_____
Edith Roberts
Assistant District Attorney

s/ Charles R Burton
_____
Charles Burton
Attorney for Defendant

s/ Roy Q. Minton
_____
Roy Q. Minton
Attorney for Defendant

s/ Elizabeth Ann Martinets Pollan
_____
Elizabeth Ann Martinets
Defendant"

———————◆———————

Trial before the court on March 31, 1971 was prior to the effective date (June 15, 1971) of the 1971 amendment to Article 1.15, V.A.C.C.P., providing for oral stipulations of testimony.[1] Appellant urges that the stipulation herein will not support the

1. Prior to the 1971 amendment, the pertinent portion of Article 1.15, V.A.C.C.P. (Acts 1965, 59th Leg., Vol. 2, P. 317, Ch. 722), provided: "The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and

conviction under the holdings of this Court in Drain v. State, Tex.Cr.App., 465 S.W.2d 939; Elder v. State, Tex.Cr.App., 462 S.W.2d 6; Elliott v. State, Tex.Cr.App., 466 S.W.2d 562, in which it was stated that under Article 1.15, V.A.C.C.P. (prior to the effective date of the 1971 amendment) oral stipulations cannot be considered as evidence to support a plea of guilty.

Appellant argues that Rangel v. State, Tex.Cr.App., 464 S.W.2d 858, is controlling in the instant case. In Rangel, the defendant waived a jury and entered a plea of not guilty to the offense of possession of heroin. An oral stipulation was entered into that pre-trial testimony would be made a part of the record. The pre-trial testimony was not reduced to writing and consented to by the defendant, and the court held that since the stipulated testimony could not be considered, the evidence was insufficient to support the conviction.

Unlike Rangel v. State, supra, in the instate case, the stipulation whereby appellant and her counsel agreed that the transcript of the testimony at the first trial would be "adopted" and "that said testimony and evidence shall be considered by the court at this trial wherein a jury has been waived" was reduced to writing. The transcription of the court reporter's notes in the instant case reflects the following transpired at trial regarding such stipulation:

"THE COURT: . . . You have also signed here what appears to be a stipulation, an agreement to stipulate the testimony. The stipulation means that you have agreed that testimony which has heretofore been offered in this court at which you were present may be considered by the court without having to reproduce the evidence here in court again.

Do you understand what we're talking about?"

THE APPELLANT: "Yes, sir."

"THE COURT: You're agreeing that all the testimony that was offered in this court back in July of 1970 can be considered by the court in passing on this case today. You are willing for that to proceed?"

THE APPELLANT: "Yes, sir."

"THE COURT: If there's something in that testimony that you cannot agree, you can let your attorney know, Mr. Minton, so he in turn can let me know. You understand?"

THE APPELLANT: "Yes, sir."

The written stipulation was again reviewed by counsel for the State and agreed to by counsel for appellant.

The docket sheet reflects that testimony in the first trial lasted three days and the written stipulation reflects that appellant testified. The judge in the first trial, Honorable Terry Jacks, also presided in the second trial. The written stipulation provided, "to adopt the transcript of the jury trial and the testimony and evidence presented therein on or about July 13, 1970 which was heard by the Hon. Terry Jacks wherein if required or requested said transcript is available for reproduction" and "It is expressly stipulated and agreed that said testimony and evidence shall be considered by the Court at this trial wherein a jury has been waived." The cases relied on by appellant fail to reflect any such written stipulation. See Drain v. State, supra; Elliott v. State, supra; Elder v. State, supra; Rangel v. State, supra. Three days of testimony had been heard by the court in the in-

further consents to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court."
After the 1971 amendment, the pertinent portion of Article 1.15, V.A.C.C.P., reads:
"The evidence may be stipulated if the defendant in such case consents in writ-

ing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court."

stant case and appellant *in writing* expressly stipulated and agreed that such testimony should be considered by the court.

That the appellant was in no way misled by the stipulation is reflected by the question asked her by the court regarding her understanding of the stipulation. The court even admonished appellant if there was anything in the testimony about which she could not agree, to advise her attorney in order that he might convey same to the court.

By written stipulation, the court was authorized to consider testimony he had already heard in the case. Appellant, by the stipulation she entered into, recognized that such testimony was available for reproduction. Such testimony is not before us and apparently appellant chose not to have such testimony reproduced for the appellate record. See Article 40.09, Sec. 2, V.A.C.C.P. The record reflects that appellant was represented by retained counsel and there is no question of indigency.

Under Article 40.09, Sec. 5, V.A.C.C.P., it was appellant's responsibility to obtain transcription of court reporter's notes. In the absence of a transcription of all the testimony before the trial court, the question of sufficiency of the evidence is not before us. Beavers v. State, Tex.Cr.App., 378 S.W.2d 329; Sullivan v. State, Tex.Cr. App., 377 S.W.2d 952.

The judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge (dissenting).

The majority of the court has overruled the appellant's motion for rehearing without written opinion. I am convinced we were in error on original submission. I now dissent.

I adopt the following portion of the proposed opinion of Commissioner Dally prepared for the court after oral argument on the motion for rehearing as my opinion in this cause:

"By brief and in oral argument on the motion for rehearing the appellant insists that the facts of this case are indistinguishable from those in Rangel v. State, [Tex.Cr.App.] 464 S.W.2d 858, and that to be consistent with the holding in Elder v. State, [Tex.Cr.App.] 462 S.W.2d 6, this case would also require reversal.

"It has been the consistent and unanimous holding of this court that Article 1.15, V.A.C.C.P., in effect at the time this plea of not guilty was accepted, required that the stipulated testimony supporting the judgment following a plea of guilty or not guilty before the court be in writing prior to the time it is introduced.[1] Rangel v. State, supra and Elder v. State, supra.

"In addition to the cases cited by the appellant other cases which have so held are Elliott v. State, [Tex.Cr.App.] 466 S.W.2d 562; Drain v. State, [Tex.Cr. App.] 465 S.W.2d 939 and Beaty v. State, [Tex.Cr.App.] 466 S.W.2d 284.

"In Elliott v. State, supra, Judge Roberts, writing for the court, wrote:

"'The record reflects that the defendant was duly admonished by the court of the consequences of his plea and he persisted in said plea and signed a written agreement to stipulate the evidence in said cause. Oral stipulations were dictated into the record by the assistant district attorney. When all of said stipulations were so dictated the appellant's attorney and the appellant in open court both agreed to the stipulated testimony.

"'The stipulations, had they been reduced to writing and introduced in-

---

1. The plea is immaterial as far as the statutory requirements then in effect were concerned. Beaty v. State, 466 S.W.2d 284 (Tex.Cr.App.1971).

to evidence in said cause, would have been sufficient under Art. 1.15, Vernon's Ann.C.C.P. However, since said stipulations are oral, they cannot be considered as evidence to support the plea of guilty. Drain v. State, Tex. Cr.App., 465 S.W.2d 939 (dated April 20, 1971); Elder v. State, Tex.Cr.App., 462 S.W.2d 6; Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376; Rangel v. State, Tex.Cr.App., 464 S.W.2d 858 (dated March 31, 1971).

" 'The record does not reflect that the defendant made a judicial confession either written or oral. Therefore, there is no evidence to support the plea of guilty.'

"In Rangel v. State, supra, it was said:

" 'The requirements of Article 1.15, supra, relating to stipulated testimony, are two-fold. First, the defendant must consent in writing and in open court to waive the appearance, confrontation and cross-examination of witnesses. This was fully complied with in the case at bar.

" 'Second, the defendant must consent, in writing, to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence and such consent and evidence must be filed with the papers of the cause. According to Elder v. State, supra, any stipulated testimony must be reduced to writing, consented to by the defendant, and approved by the court prior to the time it is introduced into evidence.

" 'The pre-trial testimony was not reduced to writing at the time it was introduced and cannot be considered.'

"In this case the stipulation referring to the evidence received at a prior trial was that ' . . . if required or requested said transcript is available for reproduction.' The evidence heard on the former trial was not reduced to writing, introduced into evidence, and filed in the papers of the cause as required by the authorities already cited.

"There is no reason why the appellant in this case should, under the same circumstances, be treated in a different manner than those in the cases cited."

I respectfully dissent.

DOUGLAS, Judge (dissenting).

After further consideration, it appears that there is no distinction in the cases cited in the dissenting opinion by Presiding Judge Onion and in the present case. I join in that dissent and add the following comments.

In Rangel v. State, Tex.Cr.App., 464 S.W.2d 468, the writer expressed the opinion that there was no need for such a strict rule concerning stipulations that the Legislature had adopted. After this and after the present case was tried, the Legislature changed the rule. Before the statute was amended nearly every member of the Court authored an opinion holding in substance the same thing that was held in the Rangel case.

Such was the law, as enacted by the Legislature, when the present case was tried. It should be followed in each case tried before it was changed even though, as individuals, we might not want to reach that result.