**David Orle ALLSUP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46992.**

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 20, 1973.

C. O. McMillan, Stephenville, for appellant.

Emory C. Walton, Dist. Atty., Eastland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for possession of marihuana where the punishment was assessed at two (2) years by the court following a guilty plea by the appellant.

Appellant, at the outset, contends the evidence to support his plea of guilty was orally stipulated and was not sufficient to comply with the requirements of Article 1.-15, Vernon's Ann.C.C.P. He relies upon Elder v. State, 462 S.W.2d 6 (Tex.Cr.App. 1971); Rangel v. State, 464 S.W.2d 858 (Tex.Cr.App.1971); Drain v. State, 465 S.W.2d 939 (Tex.Cr.App.1971); Beaty v. State, 466 S.W.2d 284 (Tex.Cr.App.1971); Elliott v. State, 466 S.W.2d 562 (Tex.Cr. App.1971).

The record reflects that on November 3, 1972, the appellant waived trial by jury and entered his guilty plea before the court whereupon he was duly admonished by the court under the provisions of Article 26.13, Vernon's Ann.C.C.P.

Thereafter, the appellant agreed in writing to waive the appearance, confrontation, and cross-examination of the witnesses against him, and consented to the introduction of testimony by affidavits, written and oral statements of witnesses, and any other documentary evidence in support of the judgment of the court.

There was then introduced a "stipulation of evidence" which contained the following statement,

". . . I judicially confess in open court to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

"On the 12th day of November, A.D.____ (sic) 1971, I did unlawfully possess a narcotic drug, to-wit: Marijuana."

The statement was sworn to and signed by the appellant and approved by his attorney.

In addition there were oral stipulations offered as to the testimony of an undercover agent and a chemist which were sufficient to show guilt.

█ First we observe that the written "judicial confession," standing alone, was sufficient to support the conviction under the provisions of Article 1.15, supra. Patterson v. State, 487 S.W.2d 737, 738 (Tex. Cr.App.1972), and cases there cited; Richardson v. State, 482 S.W.2d 645 (Tex. Cr.App.1972).

Further, since the decisions in the cases relied upon by the appellant, Article 1.15, supra, has been amended to permit oral stipulations (Acts 1971, 62nd Leg., p. 3028, ch. 996). Such amendment became effective June 15, 1971, long prior to appellant's trial on November 3, 1972.

Appellant's contention is without merit.

█ Appellant further contends that his guilty plea was given as a result of a plea bargain with the State for probation. There is nothing in this record to support such a claim, except for general allegations in his motions for new trial. The record does not show that these motions were ever presented to or ruled upon by the trial judge nor was evidence offered in support thereof. Allegations in a motion for a new trial do not prove themselves. Mackey v. State, 480 S.W.2d 720, 721 (Tex.Cr.App.1972).

The contention is not before us.

█ We do observe that during the admonishment the trial judge carefully warned the appellant that the mere fact that he had not been previously convicted of a felony would not entitle him, "as a matter of right," to probation and that if he had such belief he should forget it. At the conclusion of the plea, we observe that the State did recommend probation. The question of whether an accused is entitled to probation, where the court assesses punishment, rests absolutely within the trial court's discretion under the guideposts of

**240**

the statute (Article 42.12, Vernon's Ann. C.C.P.) and no authority exists for the accused to require such clemency. Martin v. State, 452 S.W.2d 481 (Tex.Cr.App.1970), and cases there cited; Brown v. State, 478 S.W.2d 550 (Tex.Cr.App.1972).

The judgment is affirmed.