Alonzo Gene HUGHES aka Lonzo Bill Carpenter, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 51614, 51615.

Court of Criminal Appeals of Texas.

March 3, 1976.

Barry P. Helft, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., and David Schick, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

Appellant waived trial by jury and entered pleas of not guilty before the court to two indictments charging him with delivering heroin. Upon conviction, punishment was assessed at seven (7) years in each case.

Appellant's court-appointed counsel has filed a brief in each case which states that after a thorough examination of the appellate records counsel has concluded the appeals are wholly frivolous and without merit and there is nothing in the records which might arguably support the appeals. A copy of counsel's brief and the appellate records have been delivered to appellant, and appellant has been advised of his right to file a pro se brief. No such brief has been filed.

After reviewing the record in both appeals, we must disagree with counsel's conclusion concerning the frivolous nature of the appeals because we find error in both necessitating reversal.

The indictment in Cause Number 51,615 alleged that appellant delivered heroin to Sam Allen on November 6, 1974. The indictment in Cause Number 51,614 alleged the appellant delivered heroin to Allen on November 8, 1974. Allen, a Garland police officer, testified that on November 6, 1974, while he was working undercover appellant delivered to him an aluminum foil package which contained white powder. State's Exhibit # 2 was identified by Allen as the substance delivered on that date. Likewise, Allen testified that on November 8, 1974, while Allen was still in his undercover status, appellant delivered to him an aluminum foil package containing a brown powdery substance. Allen identified State's Exhibit # 3 as the substance delivered to him on the latter date.

To prove that State's Exhibits # 2 and # 3 contained heroin, the State offered in evidence State's Exhibits # 4 and # 7. These two exhibits were written stipulations of evidence signed by appellant, his attorney and the prosecutor. Exhibit # 4

was a stipulation of the testimony of E. H. Foerester, a chemist with the Dallas County Crime Laboratory, that after examining Exhibit # 3 he found it to contain heroin. Likewise, Exhibit # 7 was a stipulation of Foerester's testimony that heroin was found in Exhibit # 2.[1]

Article 1.15, Vernon's Ann.C.C.P.,[2] provides that in cases where trial by jury is waived the evidence may be stipulated "if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court." The statute further provides: "Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

An examination of the records in these cases fails to reveal that appellant waived in writing his right to the appearance, confrontation and cross-examination of the chemist, E. H. Foerester. In fact, the contrary appears. Each record contains an instrument denominated (among other things) "Agreement to Stipulate." In each instrument the words "and further waives the appearance, confrontation and cross-examination of witnesses, and further consents to the introduction of testimony by affidavits, written statements of defendant or of witnesses, and any other documentary evidence in support of the Judgment of the Court. . . ." were expressly stricken out. No other written waivers as required by Article 1.15, supra, appear in the record.

The only evidence in the records to show that Exhibits # 2 and # 3 contained heroin was the stipulated testimony of Foerester. Allen did mention the word "heroin"

on two occasions, but he was not specifically referring to Exhibits # 2 or # 3 when the references were made. Appellant's evidence was to deny that the transactions occurred, claiming he never met Allen until after the dates alleged in the indictments.

Since Exhibits # 4 and # 7 (the stipulated testimony of Foerester) were not in compliance with Article 1.15, supra, they cannot be considered as evidence.[3] When so considered, the evidence in the light most favorable to the convictions shows that appellant delivered to Allen a white powder substance on November 6, 1974, and a brown powdery substance on November 8, 1974. There is no admissible evidence in the records to show that either substance contained heroin. The failure properly to prove that the substances delivered were heroin necessitates reversal of these convictions.

The judgments are reversed and the causes remanded.

ODOM, J., concurs in the result.

1. In view of our disposition of this case, we need not discuss whether a chain of custody of Exhibits # 2 and # 3 was established.

2. This statute is mandatory. See Elder v. State, 462 S.W.2d 6 (Tex.Cr.App.1971).

3. Compare Rangel v. State, 464 S.W.2d 858 (Tex.Cr.App.1971).