**Ben VALDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 53811.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Jerry D. Patchen, Houston, Gerald M. Birnberg, Bellaire, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Ken W. Sparks, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before the court on a plea of not guilty, appellant was found guilty of possession of a usable amount of marihuana in excess of four ounces. Punishment was assessed at ten years, probated.

■ A review of the record discloses that fundamental error accompanied the admission of appellant's stipulation of evidence, and upon the authority of *Hughes v. State*, Tex.Cr.App., 533 S.W.2d 824; *Rodriquez v. State*, Tex.Cr.App., 534 S.W.2d 335; *Rangel v. State*, Tex.Cr.App., 464 S.W.2d 858, and *Elder v. State*, Tex.Cr.App., 462 S.W.2d 6, the judgment must be reversed.

The trial was conducted on August 20, 1975. The docket sheet entry of that date reads:

"The defendant Valdez appeared in person with counsel Jerry Patchen. Defendant, duly arraigned according to law, in open court pleaded not guilty. Defendant waived formal reading of the indictment. Defendant filed written waiver of trial by jury. State offered written Stipulation of evidence. Both sides rested."

The docket sheet reflects that on that date the court found the defendant guilty, but postponed assessing punishment until a later date. Punishment of ten years with probation was assessed October 23, 1975.

The stipulation of evidence signed and sworn to by appellant and approved by the defense and prosecuting attorneys is included in the record. It provides in the opening paragraphs as follows:

"After BEN VALDEZ, the Defendant in the above numbered and entitled case, plead not guilty, the following written stipulation was made.

"It is hereby stipulated between the State of Texas, represented by Assistant District Attorney, Kenneth Sparks, and by the Defendant, Ben Valdez, with the approval of his retained counsel, Jerry D. Patchen, that if:

"Sgt. R. A. Barnard, a Houston Police Officer, were called as a witness, after being duly sworn he would testify that on December 24, 1974, at approximately 5:30 p. m., . . ."

It proceeds with a recitation of what Sgt. Barnard, subject to appellant's objection of an illegal search and seizure, would testify, and also what a chemist would testify. An examination of the record fails to reveal that appellant waived in writing his right to the appearance, confrontation and cross-examination of the witnesses and to the introduction of documentary evidence. The State admits in its brief that appellant did not consent in writing to waive these matters, and says:

"Since the 'Stipulation of Evidence' was offered by the State (R. 50, 64), it was not in compliance with the mandate of Article 1.15, supra (V.A.C.C.P.) and cannot be considered as evidence. *Hughes v. State*, 533 S.W.2d 824 (Tex.Cr.App.1976)."

■ Art. 1.15, V.A.C.C.P., provides that in cases where trial by jury is waived the evidence may be stipulated "if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence in support of the judgment of the court." The statute further provides: "Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers in the cause." This Court has consistently held that compliance with this statute is mandatory in order for the stipulation to be considered as evidence. *Hughes v. State*, supra; *Rodriquez v. State*, supra; *Rangel v. State*, supra; *Elder v. State*, 462 S.W.2d 6. The statute applies whether the stipulation relates to what a witness would testify or to the truth of an allegation in the indictment. *Elder*, supra.

The stipulation of the testimony which would be given by Sgt. Barnard and by the chemist if they were present in court was not in compliance with the requirements of Art. 1.15, V.A.C.C.P., since it did not expressly waive appellant's right to the appearance, confrontation, and cross-examination of the witnesses and it was not approved by the court in writing. *Hughes v. State*, supra.

Although the State concedes that the stipulation was not admissible, and could not be considered by the trial court as evidence, it argues: "As there is not a transcription of the court reporter's notes in the record, the remainder of the trial, as a matter of law, is unknown to the appellate court" and hence "there can be no review of the sufficiency of the evidence." As shown by the court's docket sheet, supra, the State offered the stipulation and both sides rested. There is no indication in the record that any other evidence was given at the trial other than the stipulation and the documents to which it referred. Without the stipulation, there is no evidence supporting the conviction.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.