COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                       NO.
02-05-199-CR

 

MICHAEL WAYNE HUTCHINSON                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant, Michael Wayne
Hutchinson, appeals his conviction for possession of a controlled substance
(cocaine) of one gram or more, but less than four grams.  In three points, he complains that the trial
court erred by admitting a written stipulation without his approval and that
the evidence is legally insufficient to sustain his conviction.  We affirm.

The issues of law presented
by this case are well-settled and the parties are familiar with the facts.








During trial, the State
offered a written stipulation, signed by appellant, his counsel, and the
prosecutor, regarding the laboratory testing of the cocaine seized from
appellant=s car.  The stipulation stated that the evidence was
received by the lab on April 5, 2004, but the lab report, attached to the
stipulation, showed that the evidence was received on May 5, 2004.  After the stipulation was admitted into
evidence, the prosecutor noticed that it contained the incorrect date.  When the prosecutor offered a corrected
stipulation showing the correct date, appellant=s attorney stated that he had no objection to the corrected
stipulation and initialed the change in appellant=s presence.








In his first point, appellant
argues that the trial court improperly admitted the corrected stipulation in
violation of article 1.15 of the code of criminal procedure.[2]  It is well-settled, however, that article
1.15 applies only to cases in which a jury trial has been waived.[3]  Because appellant's case was tried by a jury,
the requirements for stipulations of evidence found in article 1.15 do not
apply.  We overrule appellant=s first point.

In his second point,
appellant contends that the trial court improperly admitted the corrected
stipulation in violation of his state and federal due process and confrontation
rights.  Appellant did not, however, make
this objection at trial; in fact, his attorney stated that he had no objection
to the correction.  The failure to object
in a timely and specific manner during trial forfeits complaints about the
admissibility of evidence.[4]  Moreover, almost every constitutional right
may be waived if the proper request, objection, or motion is not asserted in
the trial court.[5]  Therefore, because appellant failed to object
to the admission of the corrected stipulation, his complaint is forfeited.[6]  We overrule appellant=s second point.  








In his third point, appellant
asserts that the evidence is legally insufficient to sustain a conviction
because without the corrected stipulation there is no evidence that the chemist
analyzed the evidence after the commission of the alleged offense.  We have, however, held that the correct
stipulation was properly admitted into evidence.  Therefore, the evidence is legally sufficient
to support the verdict.  Even without the
stipulation, the lab report itself shows the correct date, that the evidence
was analyzed, and that it consisted of over a gram of cocaine.[7]  We overrule appellant=s third point.  

Having overruled all of
appellant=s points, we
affirm the trial court=s
judgment.  

 

PER CURIAM

 

PANEL
A:   CAYCE, C.J.; LIVINGSTON and MCCOY,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 11, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon 2005) (stating, in pertinent part,

 

No person can be convicted of a felony .
. . unless the defendant . . . has . . . waived his right of trial by jury. . .
.  The evidence may be stipulated if the
defendant in such case consents in writing, in open court, to waive the
appearance, confrontation, and cross‑examination of witnesses, and
further consents either to an oral stipulation of the evidence and testimony .
. . .  Such waiver and consent [to
stipulate] must be approved by the court in writing, and be filed in the file
of the papers of the cause.).  





[3]E.g., Wright v. State, 28
S.W.3d 526, 537 (Tex. Crim. App.), cert. denied, 531 U.S. 1128 (2000);
McClain v. State, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987); Lindley v.
State, 736 S.W.2d 267, 275 (Tex. App.CFort Worth 1987, pet. ref=d
untimely filed). 





[4]Tex. R. App. P. 33.1(a); Saldano v. State,
70 S.W.3d 873, 889 (Tex. Crim. App. 2002), cert. denied, 543 U.S. 820
(2004).  





[5]Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); Smith
v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (stating that almost
every constitutional or statutory right may be waived by failing to object at
trial).  





[6]Although
appellant cites numerous cases for the proposition that an objection is not
required at trial where the court did not follow the mandate of article 1.15,
those cases are distinguishable because they all involved situations where the
defendant waived his right to a jury trial. 
See Valdez v. State, 555 S.W.2d 463, 464 (Tex. Crim. App. 1977); Duran
v. State, 552 S.W.2d 840, 843 (Tex. Crim. App. 1977); Hughes v. State,
533 S.W.2d 824, 825 (Tex. Crim. App. 1976); Elder v. State, 462
S.W.2d 6, 8 (Tex. Crim. App. 1971) (all involving the failure to comply with
article 1.15 in cases where the defendant waived the right to a jury).  Because appellant was tried before a jury,
those cases have no application here. 





[7]Appellant
does not challenge the trial court=s admission of the lab
report.