Hutchinson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-199-CR

MICHAEL WAYNE HUTCHINSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Michael Wayne Hutchinson, appeals his conviction for possession of a controlled substance (cocaine) of one gram or more, but less than four grams.  In three points, he complains that the trial court erred by admitting a written stipulation without his approval and that the evidence is legally insufficient to sustain his conviction.  We affirm.

The issues of law presented by this case are well-settled and the parties are familiar with the facts.

During trial, the State offered a written stipulation, signed by appellant, his counsel, and the prosecutor, regarding the laboratory testing of the cocaine seized from appellant’s car.  The stipulation stated that the evidence was received by the lab on April 5, 2004, but the lab report, attached to the stipulation, showed that the evidence was received on May 5, 2004
.  After the stipulation was admitted into evidence, the prosecutor noticed that it contained the incorrect date.  When the prosecutor offered a corrected stipulation showing the correct date, appellant’s attorney stated that he had no objection to the corrected stipulation and initialed the change in appellant’s presence.

In his first point, appellant argues that the trial court improperly admitted the corrected stipulation in violation of article 1.15 of the code of criminal procedure.
(footnote: 2)  It is well-settled, however, that article 1.15 applies only to cases in which a jury trial has been waived.
(footnote: 3)  Because appellant's case was tried by a jury, the requirements for stipulations of evidence found in article 1.15 do not apply.  We overrule appellant’s first point.

In his second point, appellant contends that the trial court improperly admitted the corrected stipulation in violation of his state and federal due process and confrontation rights.  Appellant did not, however, make this objection at trial; in fact, his attorney stated that he had no objection to the correction.  The failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence.
(footnote: 4)  Moreover, almost every constitutional right may be waived if the proper request, objection, or motion is not asserted in the trial court.
(footnote: 5)  Therefore, because appellant failed to object to the admission of the corrected stipulation, his complaint is forfeited.
(footnote: 6)  We overrule appellant’s second point.  

In his third point, appellant asserts that the evidence is legally insufficient to sustain a conviction because without the corrected stipulation there is no evidence that the chemist analyzed the evidence after the commission of the alleged offense.  We have, however, held that the correct stipulation was properly admitted into evidence.  Therefore, the evidence is legally sufficient to support the verdict.  Even without the stipulation, the lab report itself shows the correct date, that the evidence was analyzed, and that it consisted of over a gram of cocaine.
(footnote: 7) 
 We overrule appellant’s third point.  

Having overruled all of appellant’s points, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 11, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon 2005) (stating, in pertinent part,

No person can be convicted of a felony . . . unless the defendant . . . has . . . waived his right of trial by jury. . . .  The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony . . . .  Such waiver and consent [to stipulate] must be approved by the court in writing, and be filed in the file of the papers of the cause.).  

3:
E.g.
, 
Wright v. State
,
 
28 S.W.3d 526, 537 (Tex. Crim. App.), 
cert. denied, 
531 U.S. 1128 (2000);
 McClain v. State
, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987); 
Lindley v. State
, 736 S.W.2d 267, 275 (Tex. App.—Fort Worth 1987, pet. ref’d untimely filed). 

4:
Tex. R. App. P.
 33.1(a); 
Saldano v. State
, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002), 
cert. denied
, 543 U.S. 820 (2004).  

5:
Briggs v. State
, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990);
 
Smith v. State
, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (stating that almost every constitutional or statutory right may be waived by failing to object at trial).  

6:
Although appellant cites numerous cases for the proposition that an objection is not required at trial where the court did not follow the mandate of article 1.15, those cases are distinguishable because they all involved situations where the defendant waived his right to a jury trial. 
 
See Valdez v. 
State, 555 S.W.2d 463, 464 (Tex. Crim. App. 1977); 
Duran v. State
, 552 S.W.2d 840, 843 (Tex. Crim. App. 1977); 
Hughes v. State
, 533 S.W.2d 824, 825 (Tex. Crim. App. 1976); 
Elder
 
v. State
, 462 S.W.2d 6, 8 (Tex. Crim. App. 1971) (all involving the failure to comply with article 1.15 in cases where the defendant waived the right to a jury).
  Because appellant was tried before a jury, those cases have no application here. 

7:
Appellant does not challenge the trial court’s admission of the lab report.