Dennis Lee COELHO, Appellant,

v.

The STATE of Texas, Appellee.

No. A14-81-718-CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 1, 1982.

Will Gray, Simonton, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

Appellant brings his appeal from a jury conviction for aggravated kidnapping to which offense he had pleaded not guilty. Two co-defendants, John Storemski (Storemski) and Margery Chesser (Chesser) were charged with the same offense and were tried with appellant. Appellant was sentenced to seven years confinement and assessed a $6500.00 fine. In his sole ground of error, appellant challenges the admission of his oral statement made to the arresting officer for impeachment purposes. We affirm.

At 10:00 p.m., on January 26, 1980, an altercation occurred in a shopping center across the street from the Black Dragon Tattoo Studio in Houston between appellant, Storemski and John Thomas Mulroy (Mulroy), the complainant who is a tattoo artist at the studio. Mulroy testified he was attacked by appellant from behind and shoved into the back seat of a car, whereupon Storemski assisted appellant in pummelling him while Chesser drove away. He also testified his assailants threatened to kill him which caused him to leap from the car at his earliest opportunity.

■ According to Bryan Freeman (Freeman), another employee of the studio, he ran across the street with a pistol in response to Mulroy's screams and saw appellant and Storemski attacking Mulroy. His attempt to stop the fight having proved futile, as he further testified, he fired his gun in the air to frighten the assailants, who he suspected of robbing Mulroy. Someone in the car told Chesser to "step on the gas" which she did. Officers McAmis and Goodfellow testified they saw someone, later identified as Freeman, run across the street and heard a gunshot as they were stopped at the intersection of Commonwealth and Westheimer streets. Seconds later, according to their further testimony, Freeman informed them of the abduction and the officers pursued the fleeing car. During their pursuit they observed continuous violent behavior in the back seat until they saw Mulroy fall from the car. Officer McAmis, having left Goodfellow to attend to Mulroy who sustained injuries in his fall, stopped the fleeing car a short distance away and arrested appellant, Storemski and Chesser. At that time he observed a .38 caliber gun, a chain and a rope hangman's noose in the car. Five rounds of ammunition were found in appellant's pocket. Appellant's testimony conflicted to a great degree with that outlined above. On direct examination he stated Mulroy had been the aggressor and he had gone to the shopping center only to identify a person named Ruiz who appellant suspected had shot him in the back of the head earlier in January. The

other defendants testified to similar versions of appellant's recounting of the events. The state re-called Officer McAmis to rebut appellant's statement. Counsel for Storemski objected to this testimony on the basis of its being hearsay as to his client and because appellant was under arrest at the time. The trial court overruled the objection. McAmis told the court that appellant, after his arrest and in response to McAmis' demand for an explanation, informed him that "... They had to use the complainant in this case as a shield from a man that was going to shoot him with a gun ...", namely Freeman. Appellant's objection to this testimony as hearsay was overruled.

On appeal appellant contends this statement was admitted in violation of Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1979). Appellant's contention is without merit for two reasons. In *Girndt v. State,* 623 S.W.2d 930 (Tex.Cr.App.1981), the Court of Criminal Appeals overruled the holding in *Butler v. State,* 493 S.W.2d 190 (Tex.Cr.App.1973) and subsequent authority, e.g., *Harrison v. State,* 556 S.W.2d 811 (Tex.Cr.App.1977), both cited by appellant, in response to the amendment of art. 38.22. In *Butler* the court had held inadmissible oral statements failing to comply with art. 38.22 § 3. The legislature amended art. 38.22, however, adding Section 5 which provides:

> Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, *or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness or of any other statement that may be admissible under law.* (emphasis added)

There is no evidence that coercion or threat forced appellant's response to McAmis' question, nor does appellant so contend. Rather, appellant failed to take into account section 5, which permits impeachment of an accused with statements such as the one here before us and was in effect at the time of the offense at issue. *Girndt, supra* at 933. The record clearly shows McAmis related appellant's statement for the purposes of impeachment, and therefore, appellant's contention must fail.

As an additional basis for overruling his contention, we point to appellant's failure to preserve error for review. At trial, appellant objected to admission of appellant's statement as hearsay. Such an objection is inapplicable because the statement was not offered for its truth but rather to impeach appellant's credibility. *See,* C. McCormick *Evidence* § 246 (2d ed. 1975). The objection made by counsel for co-defendant Storemski that the admission of the statement violated art. 38.22 cannot be construed to include appellant, for there is no pre-trial motion in the record whereby co-defendants adopt all objections raised by each other. *See, Garza v. State,* 622 S.W.2d 85, 89–90 (Tex.Cr.App.1980). Moreover, where the error alleged on appeal is not the same as that raised before the trial court, the appellant has failed to preserve error for review. *Nelson v. State,* 607 S.W.2d 554, 555 (Tex.Cr.App.1980). Since appellant failed to raise an objection based upon a violation of art. 38.22 and objected on a distinct basis at trial, we hold he has failed to preserve error for review and affirm the trial court's judgment.

Affirmed.