**Angel Sanchez VEGA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–83–460CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 1984.

Felix Cantu, Jr., Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was convicted by a jury of aggravated robbery, and was thereafter sentenced to five years imprisonment and fined $2,500.00. He now appeals contend-

ing that the trial court failed to include in its charge the lesser included offense of theft, that the court admitted evidence of extraneous offenses, and that the State presented improper jury arguments at both the guilt and punishment phases of the trial. We affirm the judgment.

■ In his first ground of error, appellant argues that the trial court should have included his requested charge on the lesser included offense of theft. Two steps are necessary to determine if a charge for theft is necessary in a prosecution for aggravated robbery. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, we must examine the entire record for evidence which shows that appellant, if guilty, is guilty only of theft. *Eldred v. State*, 578 S.W.2d 721 (Tex.Crim. App.1979). With these in mind, we now review the relevant evidence.

Mr. Rojas, the complaining witness, testified he and appellant both worked the early morning shift at a local restaurant. On the morning of the robbery, appellant arrived earlier than usual. Mr. Rojas let him in and gave him the keys so he could attend to his duties. Two men then entered the restaurant with firearms. While appellant remained by the door, the other men led Mr. Rojas to the safe and forced him to open it. Appellant came in and put the money from the safe in a bag. The men then tied Mr. Rojas to a table and fled.

Appellant, however, testified that Mr. Rojas was a knowing participant in the robbery. He testified that Mr. Rojas let appellant and the other men into the restaurant, opened the safe, and then allowed them to tie him to the chair so it would appear as though a robbery had taken place. In spite of this testimony, the judge refused to submit a charge on the lesser included offense of theft.

■ This evidence was certainly sufficient to establish the first element of the test. In proving its case on aggravated robbery, the State clearly established a theft. We now focus on the second step,

whether there is evidence that shows that appellant is guilty of theft only. If the jury believed Mr. Rojas, then appellant committed an aggravated robbery. However, if they believed appellant, he would not be guilty of either offense. One of the elements of theft is that the appropriation of the property must be without the owner's consent. Tex.Penal Code Ann. § 31.03 (Vernon Supp.1984). Since appellant testified that Mr. Rojas in effect *consented* to the appropriation of property, one of the critical elements of theft would be missing under appellant's version of the incident. Rather than prove that appellant was guilty of only the lesser included offense of theft, appellant's theory, if true, would prove the exact opposite, to wit: that appellant was *not* guilty of theft. Since the evidence totally fails to meet this second step, appellant was not entitled to a charge on the lesser included offense of theft. Appellant's first ground of error is overruled.

■ Appellant next asserts that the trial court erred in allowing the State to introduce evidence of extraneous offenses committed by appellant's family under the guise of testing his credibility by portraying appellant as a criminal generally. Appellant testified on direct that he planned the robbery to obtain money to buy marijuana, and that he only volunteered to be sent back to Texas after his brother, cousin, and cousin's wife were killed. On cross-examination, the State inquired as to the details of the killings. Appellant related the incident and told of other narcotic-related activities in Florida. Since most of this testimony came in without objection, any error is waived on appeal. *See Esquivel v. State*, 595 S.W.2d 516, 522 (Tex.Crim.App. 1980) (en banc); *Turner v. State*, 642 S.W.2d 216, 217 (Tex.App.—Houston [14th Dist.] 1982, no pet.). When appellant's counsel finally did object, he claimed that the questions were repetitious and not relevant. The court overruled these objections. Error is not preserved when the ground of error on appeal does not comport with the objection at trial. *Boyd v. State*, 643 S.W.2d 700, 706 (Tex.Crim.App.1982); *Coel-*

*ho v. State,* 642 S.W.2d 225, 227 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Appellant's second ground of error is overruled.

In the third ground of error, appellant complains that the State committed reversible error through improper argument at both the guilt and punishment phases of the trial. In addition to testifying at the guilt stage about his prospective marijuana buy, appellant also testified that while living in Florida he drove his brother, cousin, and cousin's wife to a meeting place where they were to exchange a million dollars in cash for "diamonds." The van also contained samples of cocaine. He further testified that he and his relatives were ambushed by the gang they were to meet, and that appellant was the only member of his group to escape death during the ambush.

During arguments at the guilt phase, the State made the following statements:

"I say one drug deal, who knows how many others?"

"We already know the kind of character this man has. Can you imagine that a million dollars cash this fellow has, he's dealing drugs. And it's just incredible to me to have a million dollars in cash. I can't imagine something like that."

During the punishment phase, appellant further testified that his brothers were involved with drugs, and that he was cooperating with the F.B.I. concerning a "drug problem" relating to a ship coming in at San Jacinto with two hundred pounds of cocaine on board. Appellant's counsel argued at the punishment phase that if appellant were sent to prison, after freely testifying about his drug knowledge, he would not last long. The State's attorney responded, that , "The only way this man repays the hospitality of the United States is to deal drugs and steal from her citizens."

 Appellant now contends that these references to appellant as a drug dealer constituted reversible error. However, each of the arguments could easily be classified as a summation of the evidence, a reasonable deduction therefrom or an answer to arguments of appellant's counsel. *See Todd v. State,* 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980). Appellant himself suggested that he was involved with drug dealings and his counsel indicated that his revelations regarding his knowledge of the same could be harmful to him in prison. Furthermore, appellant's counsel raised no objection to these arguments. Unless a jury argument is so prejudicial that an instruction to disregard would not cure any harm, the failure to object does not preserve error for appellate review. *See Romo v. State,* 631 S.W.2d 504, 505–6 (Tex.Crim.App.1982). In this case, an instruction to disregard would have cured the harm of the argument, as well as advising the State's attorney to avoid further mention of the same. Appellant's third ground of error is overruled.

 Appellant requests, in the event his conviction is affirmed, that his sentence be reformed to reflect credit on his sentence for time spent in jail in Florida. While appellant may receive credit for earlier time served, when the confinement is in another jurisdiction, he is entitled to credit "in said cause" only if an administrative detainer or hold reflecting his prior confinement is lodged against him and is available in the record for our examination. *Nixon v. State,* 572 S.W.2d 699, 701 (Tex.Crim.App.1978). *See* Tex.Crim.Proc.Code Ann. art. 42.03, § 2(a) (Vernon Supp.1984). Since the record is devoid of evidence of a detainer or hold, the requested relief is improper. Furthermore, such a request is more effectively handled through nunc pro tunc proceedings in the trial court, where the necessary documentation can be obtained, and the trial court can correct the language of the judgment, if warranted. *See Shaw v. State,* 539 S.W.2d 887, 890 (Tex.Crim.App. 1976); *Valdez v. State,* 479 S.W.2d 927, 928–29 (Tex.Crim.App.1972).

The judgment of the trial court is affirmed.