**Joseph Anthony MYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0727–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Charles Hinton, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before EVANS, C.J., and BASS and COHEN, JJ.

OPINION

COHEN, Justice.

The appellant was charged by indictment for the offense of murder. He pleaded guilty, and the court assessed punishment at 20 years confinement.

In his sole ground of error, the appellant contends that the trial court erred in finding him guilty, because it relied upon a stipulation of evidence that did not comply with the requirements of Tex.Code Crim.P. Ann. art. 1.15 (Vernon 1977). Specifically,

he argues that the trial court did not consent to and approve the stipulation of evidence by signing it.

The stipulation of evidence accepted by the trial court consisted of state's Exhibit "A" entitled "Stipulation of Evidence." This is a typewritten document stating that the appellant agrees to stipulate the evidence in this case; that he waives the right to confront and cross-examine witnesses; and that if each of the state's witnesses named were called, each would testify as to what was in the stipulation. This document was signed by the appellant and his attorney but was not signed by the presiding judge.

Also attached to state's exhibit "A" were three documents: state's exhibit 1, the appellant's confession taken by a Houston detective; state's exhibit 2, a statement by one of the state's witnesses; and state's exhibit 3, a statement by another state's witness. The stipulation of evidence stated that the appellant agreed that if each witness would testify, each would testify as to what was written in his own statement.

The State also introduced state's exhibit 4, a preprinted form entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The words "Judicial Confession" were marked through. The form specifically stated, "In open court and prior to entering my plea, I waive the right of trial by jury. I waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination...." The lower portion of the document further states:

> I understand the above allegations and I stipulate that if called to testify the State's witnesses would testify that they are true and that the acts alleged above were committed on December 26, 1982. In open court I consent to the oral and written stipulation of evidence in this case, and to the introduction of affidavits, written statements of witnesses and other documentary evidence....

This document was signed by the appellant, the appellant's attorney, the prosecutor, and the trial judge.

The appellant contends that the trial court's signing of this waiver is insufficient to comply with article 1.15. He argues that the trial court must sign the actual stipulation of evidence, citing *Clark v. State*, 657 S.W.2d 121 (Tex.Crim.App.1983) and *Young v. State*, 648 S.W.2d 6 (Tex. Crim.App.1983).

Article 1.15 provides that in cases where trial by jury is waived,

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. *Such waiver and consent* must be approved by the court in writing, and be filed in the file of the papers of the cause. (emphasis added).

■ Article 1.15 does not require that each witness's written statement of evidence be signed by the trial judge. It only requires that the defendant's waiver and consent be signed by the trial judge, as was done in state's exhibit 4.

In *Clark*, the appellant was convicted on the testimony of a police officer coupled with a stipulation as to what the testimony of a certain toxicologist would be if he were called to testify. The trial court did not sign the stipulation. On appeal, the court held that the trial court had not consented to and approved the stipulation. In *Young*, the trial court did not sign the stipulation, and on appeal, the court held that the stipulation was not consented to or approved.

The facts in *Clark* and *Young* are unclear concerning whether the defendant's waiver and consent form was part of the witness's stipulation or whether the defendant's waiver and consent form was, as in the instant case, a separate instrument. Therefore, we look to the cases relied on by

*Clark* and *Young.* Those cases are *Valdez v. State,* 555 S.W.2d 463 (Tex.Crim.App. 1977) and *Hughes v. State,* 533 S.W.2d 824 (Tex.Crim.App.1976).

In *Valdez* the stipulation of evidence was signed and sworn to by the appellant and approved by the defense and prosecuting attorneys. On appeal the court stated that the stipulation of the testimony which would have been given was not in compliance with article 1.15 "since it did not expressly waive appellant's right to the appearance, confrontation, and cross-examination of the witnesses and it was not approved by the court in writing."

In *Hughes* the appellant waived trial by jury and entered pleas of not guilty to two indictments. The records in each indictment contained an instrument entitled "Agreement to Stipulate." In each instrument, the following words were stricken out: "and further waives the appearance, confrontation and cross-examination of witnesses, and further consents to the introduction of testimony by affidavits, written statements of defendant or of witnesses, and any other documentary evidence in support of the Judgment of the Court...." *Id.* at 825. The court held that the stipulations were not in compliance with article 1.15, and could not be considered as evidence. It further stated that no other written waivers as required by article 1.15 appeared in the record. The court concluded that the record showed that no waiver of cross-examination and confrontation had occurred, contrary to the requirements of article 1.15. It appears from these cases that the court was concerned with *the appellant's waiver and consent* being approved by the court in writing, not what the court did or failed to do concerning the statement of some witness other than the defendant. The rule urged by the appellant would require a separate agreement to stipulate and waiver for each piece of stipulated evidence. Article 1.15 contains no such requirement.

█ In the instant case, the record reveals that the appellant consented in writing in open court to waive the appearance, confrontation, and cross-examination of witnesses and further consented to the introduction of affidavits, written statements of the witnesses and other documentary evidence. The waiver and consent, although separate and apart from the affidavits of witnesses, was approved in writing by the court. This was sufficient to comply with article 1.15. *See and compare Rangel v. State,* 464 S.W.2d 858 (Tex.Crim. App.1971).

The appellant's ground of error is overruled. The judgment is affirmed.