**Jimmy DOMINGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Joe DOMINGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. C14–85–443–CR, C14–85–444–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 4, 1986.

Joseph M. Rumbaut, Houston, for Jimmy Dominguez.

Kenneth W. Smith, Houston, for Joe Dominguez.

John B. Holmes, Jr., John A. Millin, Kathlyn Giannaula, Roe Morris, Houston, for the State.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellants Jimmy Dominguez and Joe Dominguez appeal their convictions of burglary of a building enhanced by two prior convictions for which they were sentenced to imprisonment for ninety-nine years and fifty years respectively. Appellants contend that the trial court erred by (1) refusing to submit appellants' requested charge on the lesser included offense of criminal trespass; and (2) refusing to admit an exhibit of a ceiling duct into evidence and refusing a demonstration designed to show appellant's alleged inability to fit his body through the ceiling duct. Additionally, appellants contend that the verdict is based on insufficient evidence. We affirm.

Appellants were arrested by Houston police officers responding to a silent alarm at the Super Carnes Garza grocery store at approximately 5:00 a.m. on Sunday, September 16, 1984. The first policeman on the scene surveyed the front of the store, saw no one, and drove to the alley behind the store and illuminated the alley with his headlights; there he saw appellant Joe Dominguez in a semi-crouched position next to six cartons of cigarettes. When appellant saw the officer, he started walking towards the fence at the opposite end of the alley, but halted when the officer called to him. During questioning by the officer, appellant stated that someone whistled to him and he entered the alley to see if someone needed assistance. At this point the officer arrested him and requested a back-up unit, and while awaiting its arrival, he searched for signs of forced entry along the wall, front door, and steel-grated loading doors of the store.

Shortly thereafter the back-up unit arrived and one of the officers saw appellant Jimmy Dominguez, brother of the arrested suspect, perched on the roof of the building. He descended from the roof via a tree and a telephone pole and ran. After a short chase through the backyard of a nearby home, the officers apprehended and arrested him.

They then searched him and found two Bic lighters in unopened packages. The officer who searched him also inspected the suspected point of entry, the ceiling duct on the roof. He testified he saw gray dust on appellant Jimmy Dominquez' hands and arms that was the same as the dust on the top of and around the ceiling duct. In addition, he saw and felt yellowish fiberglass particles on appellant Jimmy Dominquez' shirt. Finally, he stated that the insulation material in the store ceiling was yellow.

With regard to the point of entry, the officer testified that he found the top portion of the ventilation duct lying next to the vent. He observed a pipe which ran underneath the ventilation duct and above the false ceiling of the store. In his opinion, a person could sit on this pipe, remove the ceiling tiles, and lower himself through the ceiling onto the meat counter of the store. Inside the store under the ventilation duct area the officers found evidence of forced entry. A three-by-four foot ceiling panel had been removed. A table in the meat-cutting department located thereunder was covered with dust and yellow insulation particles that were consistent with the dust and insulation in the area between the ceiling and the roof underneath the ventilation duct. On this table one of the officers could stand and reach the ceiling. Both officers from the back-up unit testified that they believed appellant could fit through the ventilation duct.

In their first point of error, appellants contend that the trial court incorrectly refused to submit a charge of the lesser included offense of criminal trespass. A two-step analysis must be followed when determining whether a charge is required on a lesser included offense. *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981). The defendant must show (1) the proof necessary to establish the lesser included offense is included within the proof necessary to establish the offense charged and (2) the record reflects some evidence that demonstrates that the defendant, if guilty, is guilty of only the lesser included offense.

Criminal trespass may be a lesser included offense of burglary of a building. *Day v. State*, 532 S.W.2d 302 (Tex.Crim.App. 1976). Indeed, the two offenses, burglary, as set out in Tex.Penal Code Ann. § 30.02 (Vernon 1974) and criminal trespass, in Tex.Penal Code Ann. § 30.05 (Vernon 1974), contain the same elements except that burglary requires the additional and critical element of intent to commit a felony or theft. Criminal trespass requires that notice be given that the entry was forbidden or that appellant must leave and he fails to do so. Therefore, if the evidence raises the issue that the defendant entered the premises for some purpose other than to commit a felony or theft, he is entitled to a charge on the lesser included offense of criminal trespass. This satisfies both prongs of the *Royster* test. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim. App.1985). However, if the defendant presents evidence that he committed no offense and no other evidence raises the issue, he is not entitled to a charge on the lesser included offense because he does not satisfy the second prong of the *Royster* test that there must be some evidence that if guilty, the defendant is only guilty of the lesser included offense. In other words, if the defendant's evidence is that he is guilty of nothing and that is the only evidence, he is not entitled to an instruction on the lesser included offense. *McKinney v. State*, 627 S.W.2d 731 (Tex.Crim.App.1982); *Vega v. State*, 675 S.W.2d 551, 553 (Tex. App.—Houston [14th Dist.] 1984, no pet.).

In the case before us appellants did not testify, and the only defensive evidence raised by them was that appellant Jimmy Dominguez could not fit through the ventilation duct. Obviously, the defensive conclusions drawn from this evidence violate the second prong of the *Royster* test. In effect, the conclusions deny the element of entry, which is an essential part of criminal trespass. None of the evidence introduced by the state provides any meaningful support for appellants on the issue of a lesser included offense. In fact, the only evidence that might be extracted from the state's evidence to support appellants on this issue is that appellant Jimmy Dominguez was seen on the roof, but was not actually seen entering or exiting the store below. Therefore, appellants reason from this that if Jimmy Dominguez was guilty of anything he was guilty only of trespass and an instruction on the lesser included offense was mandated. Again, this begs the question. The real issue is entry into the store with intent to commit theft. There is no evidence in the record that appellant Jimmy Dominguez entered or was on the roof of the store for any purpose other than to commit theft. A jury charge on the lesser offense is not warranted unless both parts of the *Royster* test are satisfied, even if the State's evidence includes the proof necessary to establish separately a lesser offense. *Aguilar* at 558; also see *Johnson v. State*, 665 S.W.2d 554, 556–557 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

Appellants next complain that the trial court incorrectly excluded their exhibit of a ceiling duct and incorrectly refused to allow appellants to conduct an in-court demonstration of appellant Jimmy Dominguez attempting to fit through the exhibit.

We note that appellants' inclusion of a dual allegation of error under one point of error is multifarious and fails to preserve the error. *Ely v. State*, 582 S.W.2d 416, 421 (Tex.Crim.App.1979). However, in the interest of justice we will

address appellants' points of error individually.

First, appellants suggest that the trial court's refusal to admit the exhibit into evidence and to allow it to be taken into the jury deliberations was improper.

 The admissibility of evidence lies within the discretion of the trial court, and its decision will not be disturbed on appeal absent an abuse of discretion. *Simmons v. State,* 622 S.W.2d 111, 113 (Tex.Crim.App. 1981). Here, the trial court allowed appellants to cross-examine the State's witnesses regarding the similarity of the exhibit to the actual ventilation duct, allowed appellants to show the exhibit to the jury, and allowed the exhibit to remain on appellants' table in full view of the jury during the entire trial. Further, appellants cross-examined the officers about their conclusions that appellant Jimmy Dominguez had entered the store through the ventilation duct on the roof. Additionally, the butcher at the store testified that, in his opinion, appellant could not fit through the vent. Appellants fail to show any harm as a result of the denial of the motion to admit the exhibit into evidence and allow the jury to take the exhibit into deliberations when the trial court allowed the jury to view the exhibit.

 Second, appellants argue that the trial court erred by refusing to allow a demonstration of appellant Jimmy Dominguez attempting to slip through the exhibit. Again, whether tests and experiments are permitted in the courtroom, lies within the sound discretion of the trial court. *Garcia v. State,* 427 S.W.2d 897, 899 (Tex.Crim. App.1968). Absent an abuse of discretion, the trial court's decision will not be overturned.

Experiments conducted under circumstances similar to the original transaction and helpful to an understanding of the transaction by the finder of fact are generally admissible. Conversely, experiments conducted under dissimilar circumstances may be excluded without error. *Clark v.*

*State,* 38 Tex.Cr.R. 30, 40 S.W. 992, 994–95 (Tex.Crim.App.1897).

Here, the trial court concluded the *circumstances surrounding* the original alleged entry through a ventilation duct and the demonstration sought to be conducted were not similar enough to justify the admission of the evidence. The court, in cautioning the attorney not to mention attempting to fit the defendant through the vent stated:

I said you couldn't have any demonstrations, any demonstrations at all. *It's not the same circumstances or anything else at all....* It's a fact that the jury hears all the evidence, and you got in how wide it is. I've let you show what it looks like.

Later, in response to an offer to make a bill of exception containing an investigator's description of how he conducted his attempt to get appellant through the vent, the court stated:

It's not the same or similar circumstances. That's completely different.

 The trial court concluded that the circumstances surrounding the original alleged entry and the demonstration sought to be conducted were too dissimilar to aid the jury in its determination of appellants' innocence. Appellants do not establish why this conclusion was an abuse of discretion. This reasoning applies to the request for an out-of-court demonstration in front of the officers as well. Although appellants were not allowed to conduct the demonstration, appellants were allowed to introduce evidence that the exhibit itself was similar to the ventilation duct on the store roof, that the diameter of the ventilation duct on the roof was twelve inches with a circumference of 37.68 inches, that the shoulders of appellant Jimmy Dominguez were 18 inches across his back and his girth around his hips was 35 inches, and that the butcher at the store did not believe he could fit through the ventilation duct. Appellants' second point of error is overruled.

Finally, appellants argue in their third point of error that the evidence is insuffi-

cient to sustain the convictions. The standard for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim. App.1984) (en banc). This standard applies to both direct and circumstantial evidence cases. *Jackson,* 672 S.W.2d at 803. When applying this standard to a circumstantial evidence case, the court must review the facts of each case to determine whether the circumstantial evidence supports the conviction. *Robinson v. State,* 570 S.W.2d 906, 909–910 (Tex.Crim.App.1978). If a review of the record reflects any evidence that established guilt beyond a reasonable doubt, the verdict will be upheld and an appellate court cannot reverse the judgment on sufficiency of evidence grounds. *Combs v. State,* 643 S.W.2d 709, 716 (Tex. Crim.App.1982). We find that the record contains sufficient evidence that, if believed by the jury, would establish the guilt of appellants beyond a reasonable doubt.

█ The record here reflects that appellant Joe Dominguez was found in an alleyway at approximately 5:00 a.m. on a Sunday morning next to a grocery store where a silent alarm had been activated; that he was in a semi-crouched position with six cartons of cigarettes next to him, which were identified as having come from inside the store; that he walked away at the approach of the officer; that he explained his presence there as being in response to hearing someone whistle though no one was found; that he gave the officers a false name; and that he was a brother to appellant Jimmy Dominguez. Appellant Jimmy Dominguez was seen on the roof of the building where the alarm was activated. The record reflects that he descended from the building, ran, and was caught by the officer; that he had two new unopened packages of Bic lighters on his person, which were identified as having come from inside the store; that he had dust and fiberglass particles on his clothing, which were the same as that found in the insulation material within the store; that the cover of a ventilation duct on the roof from which he allegedly entered had been removed; and that the duct was twelve inches in diameter with a circumferance of 37.68 inches. Since appellants were tried and the jury was charged under the law of parties, the evidence against one appellant is sufficient against the other. We find the circumstantial evidence sufficient. Appellants' third point of error is overruled.

The judgments are affirmed.