Arthur LERMA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–770–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 1991.

Discretionary Review Refused
June 19, 1991.

Terrence Gaiser, Houston, for appellant.

Kelly McClendon, Angleton, for appellee.

Before PAUL PRESSLER, JUNELL
and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Arthur Lerma, appeals his judgment of conviction for the offense of involuntary manslaughter TEX.PENAL CODE ANN. § 19.05 (Vernon 1989). Appellant had originally been indicted for murder TEX.PENAL CODE ANN. § 19.02 (Vernon 1989). The jury rejected appellant's not guilty plea, finding him guilty of involuntary manslaughter. The trial court assessed punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. We reverse and remand.

By two assignments of error, appellant complains: (1) the trial court erred in refusing appellant's request for a charge on self-defense against multiple assailants; and (2) the trial court committed reversible error in overruling appellant's objection to the charge for its failure to charge on the law of self-defense against multiple assailants. We consolidate both points of error in our treatment of this case.

The facts reveal that appellant was a member of the musical band hired to play

at a wedding reception. It was the uncle of the bride, Marco Hernandez, who had hired appellant's band. When the reception was over, there arose a dispute regarding the band's compensation, leading to a struggle between appellant and Hernandez. Appellant testified that he saw a gun on the belt of Hernandez and that he feared that Hernandez was going to kill him. When the father of the bride, Anastacio Galvan, interceded, appellant fled to his truck, removing his own gun from the glove compartment. Hernandez headed for appellant's truck. Galvan followed. Appellant testified that some person reached into his truck and grabbed his gun which discharged, killing Galvan. He also testified he was in fear of his life when the gun he was holding discharged as he was encircled in the cab of the truck. Appellant's counsel objected to the jury charge where the jury was instructed that it could consider the actions of the deceased, Galvan, in determining whether appellant acted in self-defense. Appellant's objection went to the omission from the charge of Marco Hernandez' name on the issue of self-defense. Appellant contends that he was entitled to an instruction on multiple assailants as this issue was raised by the evidence. We agree.

Appellant testified he was 17 years old, married, the father of three and employed as a carpenter and a musician. On June 11, 1988, appellant and his fellow band members arrived at the wedding reception, beginning their performance at 8:00 P.M. Hernandez took to the stage, dedicating songs and adjusting electronic controls. When Willie Trevino, another band member, and appellant asked Hernandez to stop, he became abusive, saying he would "buy the f——— s——." Throughout the evening, Hernandez was on the stage making dedications.

When the reception concluded, Hernandez asked the band to play for another hour at a house. The band declined. Hernandez became irate, yelling that the band members, "weren't worth a F——," and "they were a bunch of queers." Hernandez walked off, returning with a check. Appellant refused the check, insisting that

the deal was for cash. Hernandez again walked off, returning with Galvan. Hernandez was in front of appellant and Galvan was in back. Hernandez gave appellant the money, stating, "There is your money, punk, and I am going to kick your ass." Hernandez and Galvan both pushed appellant. Galvan told appellant to fight.

When Hernandez took off his coat, appellant stated that he saw a gun on his hip. Appellant then headed for the back door of the hall. Galvan and Hernandez followed, hitting and cursing appellant. Appellant looked out the back door of the hall and did not see his truck. Next, appellant heard his name being called and ran towards the front door. Hernandez and Galvan continued to follow appellant. Appellant approached his truck, arriving at the passenger side to find the door locked. When appellant looked back, he saw Hernandez and Galvan, along with Willie Trevino and some of the women guests coming towards him. He then ran around to the front of his truck, entering on the driver's side and sliding over to the passenger side. Appellant testified that he feared for his life, stating "they were going to kill me or something." Appellant did not have the keys to the ignition. He pulled out a gun from the glove compartment and sat with the cocked gun in his lap. Appellant stated that someone reached in and pulled the gun which went off. Appellant did not know who was shot. Appellant testified that he never intended to shoot Galvan.

During cross-examination and on redirect, appellant testified repeatedly that: he was scared; the shooting was an accident; he did not intend to shoot; he was protecting himself; he got the gun to protect himself; he did not intend to cause injury.

The trial court's charge to the jury instructed them upon the abstract law of murder and involuntary manslaughter and applied those principles to the facts. It charged on the abstract law of self-defense, but in applying the law to the facts, the trial court restricted appellant's right of self-defense to the words or conduct of Anastacio Galvan. Before the charge was read to the jury, appellant objected to the

charge, requesting specifically that, in applying the law to the facts, the jury be instructed on appellant's right of self-defense as against Anastacio Galvan *or Marco Hernandez.* The trial court denied the request and overruled appellant's objection.

■ A person is justified in using deadly force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force if a reasonable person in the actor's situation would not have retreated. TEX.PENAL CODE ANN. §§ 9.31, 9.32 (Vernon 1989). Further, the Court of Criminal Appeals has held that a charge which is confined only to the right of self-defense against the deceased is too restrictive if there is evidence that more than one person attacked the defendant. *Frank v. State,* 688 S.W.2d 863 (Tex.Crim.App.1985, *Sanders v. State,* 632 S.W.2d 346 (Tex. Crim.App.1982). Accordingly, a defendant is entitled to a charge on the right of self-defense against multiple assailants if "there is evidence, viewed from the accused's standpoint, that he was in danger of an unlawful attack or a threatened attack at the hands of more than one assailant." *Frank v. State,* supra quoting *Wilson v. State,* 140 Tex.Crim. 424, 145 S.W.2d 890, 893 (1940). In determining whether the evidence raises the issue of a defensive charge, we must consider all of the evidence presented at trial regardless of whether it is "strong, weak, unimpeached, or contradicted." *Booth v. State,* 679 S.W.2d 498, 500 (Tex.Crim.App.1984).

■ With this standard of review in mind, we find appellant's testimony clearly indicates that he believed that Hernandez had a gun and, along with the deceased, Galvan, was attempting to make a deadly assault upon him. Appellant's testimony reads in relevant part:

Q: How did you feel?

A: I was scared.

Q: Why?

A: Because, there were—you know— two men. They were older than me—

you know—and didn't—you know—I was scared.

    \*    \*    \*    \*    \*    \*

Q: How were you feeling at that time?

A: I was scared for my life. I thought they were going to kill me or something.

Q: What did you do next?

A: I didn't have the keys, so I remembered there was a gun in the glove compartment."

Although the trial court, by its charge, acknowledged appellant's testimony regarding the attack by the deceased, it refused the requested instruction on the right of self-defense against multiple assailants, namely, Galvan and Hernandez. The trial court's charge on self-defense instructed the jury to consider only the actions of the deceased, Galvan, in determining whether appellant had acted in self-defense. This instruction unduly limited the jury in passing upon appellant's right to self-defense.

■ Finding the trial court erred in its charge, we must now apply the analysis of *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1984): if the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be some harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. The actual degree of harm "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

■ Appellant was harmed in that the issue of self-defense was a contested issue. The record contains evidence indicating that Hernandez and Galvan were both assailing appellant, with Hernandez being the principle assailant. The jury should have been allowed to consider appellant's actions

in the light of the threat he perceived from both Galvan and Hernandez. We find the trial court's denial of the requested instruction on appellant's right of self-defense against multiple assailants was error harmful to appellant. Appellant's two points of error are sustained.

Accordingly, the trial court's judgment is reversed and the cause remanded for a new trial.