Ervin Jerome DICKEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00370–CR

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 1998.

Roland Moore, III, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before Chief Justice MURPHY and Justices HUDSON and DRAUGHN.*

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Ervin Jerome Dickey, was indicted for the felony offense of murder. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 1994). After hearing the evidence, a jury found him guilty as charged in the indictment and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for sixty years. Appellant brings six points of error, complaining the trial court erred in: (1) admitting evidence of extraneous bad acts; (2) denying two requested jury instructions; (3) denying a mistrial after the prosecutor introduced extraneous offenses; (4) admitting gruesome photographs; and (5) not granting a mistrial after a "plea for law enforcement" argument by the prosecutor. Because we find the trial court committed reversible error, we reverse and remand this cause for a new trial.

### FACTUAL BACKGROUND

The record reflects that, on the night of April 4, 1995, Zerick Marvis ("Marvis") paged appellant. In response to this page, appellant and Carlton Brown ("Brown") went to Marvis's apartment. Marvis answered the door and then went back inside and put on a bullet proof vest. When Marvis came back outside, the three men got into an argument.

Marvis claimed Brown owed him money. Appellant then heard Marvis cock the hammer of his gun. Brown and appellant both went for their guns and appellant fired at Brown. Marvis also fired at Brown. In his confession, appellant claimed that Marvis then pointed his gun at appellant and pulled the trigger, but the gun did not fire. The two then began to struggle over appellant's gun. Appellant eventually got in his car and Brown ran away.

The autopsy report presented at trial revealed that Brown died as a result of ten separate gunshot wounds to the head, chest, abdomen, left leg, right shoulder, and back. Marvis was also shot during the incident. Appellant was subsequently indicted for the felony offense of murder. Marvis was also charged for the murder of Brown. Both defendants were found guilty. Appellant now appeals his conviction.

### EXTRANEOUS OFFENSE

■ In his first point of error, appellant argues the trial court erred in allowing the introduction of extraneous bad acts contained in his written confession. The objected-to portion of the confession states:

> For an example, a few weeks ago me and some of my friends were involved in a fight with some other guys. Some gun shots were fired but nobody was hurt. A short time after that we got with the other guys and settled our problems. We all realized that we were just mad and nobody wanted to take it any further than it had gone. A short time after that Zerick came over and told me that those guys were talking about me and my friends in a bad light. He was saying that the other guys said it ain't over with. It was all stuff he made up just to get us back at each other.

Appellant contends the reference to a prior fight constitutes inadmissible character evidence under Rule 404 of the Texas Rules of Criminal Evidence. *See* TEX.R.CRIM. EVID. 404(b).[1] Appellant also argues this portion of

---

* Senior Justice Joe L. Draughn sitting by assignment.

**1.** The pertinent provisions of Rule 404 read:

(a) **Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of

the confession "conveyed the impression that the confrontation was between rival gangs."

It is well-established that evidence of a person's character is not admissible at the guilt/innocence phase of the trial to prove that he acted in conformity therewith. *See* TEX.R.CRIM. EVID. 404. However, not all evidence reflecting upon a defendant's character is inadmissible. Evidence of extraneous acts and offenses is admissible "if it has relevance apart from supporting the conclusion that the defendant acted in conformity with his character." *Santellan v. State*, 939 S.W.2d 155, 168 (Tex.Crim.App.1997). Further, Texas Rule of Criminal Procedure 38.36 provides:

> In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

TEX.CODE CRIM. PROC. ANN. art. 38.36 (Vernon Supp. Pamph.1998).

We believe the objected-to portion of appellant's written confession is admissible under Article 38.36. The description of the previous fight aids in explaining the relationship between appellant, Brown, and Marvis at the time of the offense. This portion of the confession is also relevant to describe the underlying dispute and to show appellant's state of mind at the time of the murder. We find that the judge did not err in admitting the entire confession into evidence. Appellant's first point of error is overruled.

### MULTIPLE ASSAILANT INSTRUCTION

In his second point of error, appellant contends the trial court erred in refusing to instruct the jury on his right to defend himself against multiple assailants. The right to defend against multiple assailants is directly derived from the accused's right of self-defense. *See Tanguma v. State*, 721 S.W.2d 408, 412 (Tex.App.-Corpus Christi 1986, pet. ref'd). A defendant is entitled to a multiple assailants instruction if "there is evidence, viewed from accused's standpoint, that he was in danger of unlawful attack or a threatened attack at the hands of more than one assailant." *Frank v. State*, 688 S.W.2d 863, 868 (Tex.Crim.App.1985) (quoting *Wilson v. State*, 140 Tex.Crim. 424, 145 S.W.2d 890, 893 (1940)). In this case, appellant presented evidence, through his written confession, that he was in danger of attack at the hands of Brown and Marvis. His confession contains references to how he thought Brown and Marvis were "about to turn on me" and "going to team up on me." We believe this constitutes some evidence and therefore appellant was entitled to an instruction on the right to defend against multiple assailants.

The State argues the error was harmless because an instruction on self-defense was included in the charge. We disagree. While the trial court's instruction on self-defense was extensive and quite detailed, it was based on Brown being the only assailant. It did not cover the situation that allegedly occurred here, namely, that appellant believed Brown and Marvis were going to attack him, Marvis reached for his gun, and appellant shot Brown. This is precisely the situation covered in a multiple assailants instruction. Thus, we find the error constitutes some harm to appellant. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

The State also argues appellant was not entitled to this instruction because appellant did not testify at trial. We do not believe this is a prerequisite to obtaining an

---

proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of Accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

. . .

(b) **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

instruction on multiple assailants. *See Smith v. State,* 676 S.W.2d 584 (Tex.Crim.App.1984) (holding that defendant may be entitled to self-defense instruction even though he did not testify). The Court of Criminal Appeals has stated that a defendant is entitled to a multiple assailant instruction if there is any evidence that he was in danger of attack at the hands of more than one assailant. *See Frank,* 688 S.W.2d at 868; *Alaniz v. State,* 865 S.W.2d 529, 532 (Tex.App.-Corpus Christi 1993, no pet.). The source of the evidence is not important. Rather, we must consider all of the evidence presented at trial regardless of whether it is "strong, weak, unimpeached, or contradicted." *Lerma v. State,* 807 S.W.2d 599, 601 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd) (quoting *Booth v. State,* 679 S.W.2d 498, 500 (Tex. Crim.App.1984)). Here, appellant's written confession, despite its weaknesses, constitutes some evidence that he believed he was confronting two attackers, and thus appellant was entitled to a multiple assailant instruction.

Appellant's second point of error is sustained.

### VOLUNTARY MANSLAUGHTER INSTRUCTION

■ In his third point of error, appellant argues the trial court erred in denying a requested jury instruction on the lesser-included offense of voluntary manslaughter. This argument is without merit because voluntary manslaughter is no longer a separate offense. *See* TEX. PENAL CODE ANN. § 19.02(d) (Vernon 1994). In his brief, appellant recognizes this change in the law but mistakenly claims the amendment was not effective until September 1, 1995. The actual effective date was September 1, 1994. *See* Acts 1993, 73ʳᵈ Leg., ch. 900 § 1.01, 1993 Tex. Gen. Laws 3613, 3766. The murder occurred after the effective date of the amendment. Accordingly, appellant's third point of error is overruled.

### EXTRANEOUS OFFENSE

■ In his fourth point of error, appellant contends the trial court erred in denying his request for a mistrial when the prosecutor made an improper reference to appellant's drug use during cross-examination. While cross-examining appellant's aunt, the State's attorney asked:

PROSECUTOR: Now does this opinion that you have of him being violent versus a non-violent person, change when he's using drugs?

WITNESS: I don't know.

DEFENSE ATTORNEY: Objection, Your Honor.

The judge then called the attorneys to the bench and strongly admonished the prosecutor. The judge also instructed the jury to "totally disregard" the question.

■ The prosecutor's question assumed a fact not in evidence. Moreover, the inappropriate and prejudicial remark appears to have been intentionally injected in an effort to circumvent a previous ruling by the trial court. While the prosecutor's actions might have been contemptuous, we do not believe they constituted reversible error in light of the court's emphatic instruction to disregard. It is well established that testimony referring to or implying the existence of extraneous offenses allegedly committed by the defendant may be rendered harmless by the trial court's instruction to disregard. *See Coe v. State,* 683 S.W.2d 431, 436 (Tex. Crim.App.1984). Thus, references to a defendant's drug use or previous drug offenses are ordinarily curable by a timely instruction to disregard. *See, e.g., Stoker v. State,* 788 S.W.2d 1, 13 (Tex.Crim.App.1989); *Vega v. State,* 675 S.W.2d 551, 554 (Tex.App.-Houston [14th Dist.] 1984, no pet.). We presume the jury followed the trial court's instruction. *See Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987). Appellant's fourth point of error is overruled.

### GRUESOME PHOTOGRAPHS

■ In his fifth point of error, appellant contends the trial court erred in admitting several "gruesome" photographs. Specifically, appellant complains of three photographs—State's exhibits # 34, 39, and 40—each showing a separate bullet wound sustained to the victim's face. Relying upon Rule 403 of the Texas Rules of Criminal

Evidence, appellant alleges these photographs were more prejudicial than probative and should have been excluded. The State responds the photographs are not "overly gory" and were "highly relevant" to its case-in-chief.

▬ The admission of photographs is within the sound discretion of the trial court. *See Ramirez v. State*, 815 S.W.2d 636, 646–47 (Tex.Crim.App.1991). "An abuse of discretion arises only when the probative value of the photograph is small and its inflammatory potential is great." *Id.* at 647. In determining whether certain photos are admissible under Rule 403, several factors should be considered: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color[2], whether they are close-up, whether the body is naked or clothed, the availability of other means of proof, and the circumstances of each case. *See Emery v. State*, 881 S.W.2d 702, 710 (Tex.Crim.App.1994); Tex.R.Crim. Evid. 403. Photographs showing a victim's wounds may be properly admitted to clarify and support observations and conclusions about the victim's injuries and to reveal the manner of death as alleged in the indictment, and not solely to inflame the minds of jurors. *See Madden v. State*, 799 S.W.2d 683, 697 (Tex.Crim.App.1990). Further, "photographs are generally admissible where verbal testimony about the same matters is admissible." *Emery*, 881 S.W.2d at 710.

There is little doubt that the three photographs at issue in this case are gruesome; they each depict a close-up, bloody bullet wound in the murder victim's face. *See Madden*, 799 S.W.2d at 696 ("we readily recognize that few, if any, pictures of murder victims will not be [gruesome]"). However, each exhibit is taken from a different angle and shows a different bullet wound. The exhibits were used at trial during the medical examiner's testimony to illustrate the victim's different wounds and explain the nature and extent of these wounds. The photographs were therefore probative of the circumstances of the murder and aided the jury in

understanding the medical examiner's testimony. The trial court did not abuse its discretion in admitting these exhibits over appellant's objection. Point of error number five is overruled.

## PLEA FOR LAW ENFORCEMENT

▬ In his final point of error, appellant argues the trial court erred in permitting the prosecutor to make a plea for law enforcement at the guilt-innocence stage of trial. Appellant's complaint is based on the following argument:

> PROSECUTOR: This is not about an excuse to let him go. This is about enforcing our laws against everybody. Everybody. Jerome Dickey doesn't deserve an acquittal because he told the police, the day after it happened, oh, yeah, I was afraid of him. If this defendant is acquitted, then murderers all over Harris County, around everywhere know what to do.
>
> DEFENSE ATTORNEY: Objection Your Honor, that's an unfair, plea—plea to law enforcement. It's not the kind that's been sanctioned by the Court of Criminal Appeals.

The trial court sustained the objection and instructed the jury to disregard the comment but denied appellant's request for a mistrial.

▬ A plea for law enforcement is one of the four permissible areas of jury argument. *See Lagrone v. State*, 942 S.W.2d 602, 619 (Tex.Crim.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997). Appellant recognizes this well-settled principle but argues: (1) the prosecutor's argument was improper; and (2) a plea for law enforcement should not be admissible during the guilt/innocence stage of trial. We find no merit in either argument.

▬ First, the prosecutor's closing argument was proper. *See Luna v. State*, 461 S.W.2d 600, 601 (Tex.Crim.App.1970) (prosecutor's argument that "people that have such ideas in this county in the future will be put on notice that the citizens of this county are not going to put up with it" held to be a

---

**2.** The photographs in the record before us are in black and white. However, the State apparently presented color photographs at trial.

proper plea for law enforcement); *Bowman v. State*, 446 S.W.2d 320, 320–321 (Tex.Crim. App.1969) (prosecutor's argument that "[i]f you acquit this defendant, if you want others to know it, you will be opening the door to rape in Tom Green County, Texas" held to be a proper plea for law enforcement). Moreover, even if the prosecutor's argument was improper, the trial court's instruction to disregard cured any error. *See Norris v. State*, 902 S.W.2d 428, 445 (Tex.Crim.App.1995).

■ Finally, Texas courts do not make a distinction between the guilt/innocence stage of trial and the punishment stage in determining whether a plea for law enforcement is proper. *See e.g., Goocher v. State*, 633 S.W.2d 860, 864–65 (Tex.Crim.App.1982). Appellant's sixth point of error is overruled.

Appellant's conviction is reversed and the cause is remanded to the trial court for a new trial.