ACCEPTED
06-16-00061-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/30/2016 12:18:29 PM
DEBBIE AUTREY
CLERK

No. 06-16-00061-CR

In The

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/30/2016 12:18:29 PM

DEBBIE AUTREY
Clerk

Court of Appeals

Sixth District of Texas

Texarkana, Texas

MARION RAYMON CRENSHAW V. THE STATE OF TEXAS

# Appellant's Brief

*(Filed Pursuant To Anders v. California)*

Damara H. Watkins
Attorney for Appellant
1541 Princeton Drive
Corsicana, Texas 75110
Telephone(903)641-2595
Facsimile (903)872-6456
damarawatkins@gmail.com
State Bar No. 00787740

# IDENTITY OF PARTIES AND COUNSEL

**Trial Judge**:

Hon. James Lagomarsino
13th Judicial District Court
Navarro County
800 N. Main St.
Corsicana, Texas 75110

**Appellant:**

MARION RAYMON CRENSHAW

**Appellant's trial counsel:**

Daniel Biltz
Attorney at Law
417 W. Collins
Corsicana, Texas 75110

**Appellants' appellate counsel:**

Damara H. Watkins
Attorney at Law
1541 Princeton Drive
Corsicana, Texas 75110

**State's counsel:**

Will Thompson
Asst. Criminal District Attorney
Navarro County
800 N. Main St.
Corsicana, Texas 75110

# TABLE OF CONTENTS

Cover Page…………………………………………………………..……….1

Identity of Parties……………………………………………….……...2

Table of Contents……………………………………………….......3

Index of Authorities……………………………………….……4

Statement of the Case……………………………………………..6

Statement Regarding Oral Argument……………………………………6

Issue Presented……………………………….……………...7

Statement of Facts……………………………………………7

Summary of the Argument…………………………………….…..8

Argument……………………………………………….....8

Prayer……………………………………………….…..18

Certificate of Compliance…..……………………………………….....18

Certificate of Service…..…………………………………………19

Appendix

      Anders Letter to Client.……………………………………….20

# INDEX OF AUTHORITIES

*Adams v. State*, 707 S.W.2d 900 (Tex. Crim. App. 1986)

*Anders v. California*, 386 U.S. 738(1967)

*Beal v. State*, 91 S.W.3d 794,795 (Tex.Crim.App. 2002)

*Cartwright v. State*, 833 S.W.2d 134, 135 (Tex.Crim.App. 1992)

*Devine v. State*, 786 S.W.2d 268, 270 (Tex.Crim. App. 1989)

*Duran v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

*Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985)

*Ex Parte Rich*, 194 S.W.3d 508, 513-514 (Tex.Crim.App. 2006)

*Flowers v. State*, 220 S.W.3d 919, 922 (Tex.Crim.App. 2007)

*Hampton v. State*, 165 S. W.3d 691, 693 (Tex.Crim.App. 2005)

*Harmelin v. Michigan*, 501 U.S. 957 (1991)

*Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983)

*Harrison v. State*, 950 S. W.2d 419, 421 (Tex. App.- Houston [1st Dist.] 1997, pet. ref 'd)

*Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App. 1981 )

*Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986)

*High v. State*, 573 S.W.2d 807(Tex. Crim. App. 1978)

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)

*Johnson v. State*, 583 S.W.2d 399,403 (Tex.Crim.App [Panel Op.] 1979)

*Knight v. State*, 481 S.W.2d 143 (Tex.Crim.App. 1972)

*Lugo v. State*, 299 S. W.3d 445, 455-56 (Tex. App.- Fort Worth 2009, pet. ref'd )

*Magic v. State*, 217 S. W.3d 66, 70 (Tex. App.- Houston [1st Dist.] 2006, no pet.)

*Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997)

*Martinez v. State*, 981 S.W.2d 195 (Tex. Crim. App.1998)

*Mikel v. State*, 167 S.W.3d 556 (Tex.App.- Houston [141h Dist.] no pet.).

*Potts v. State*, 571 S.W.2d 180 (Tex.Crim.App. 1978)

*Sanchez v. State*, 120 S.W.3d 359, 364 (Tex. Crim. App. 2003)

*Sanders v. State*, 785 S.W.2d 445 (Tex.App.- San Antonio 1990, no pet.) *Sexton v. State*, 476 S.W.2d 320 (Tex.Crim.App. 1972)

*Solo v. State*, 456 S.W.2d 389 (Tex.Crim.App. 1970)

*Sprinkle v. State*, 456 S.W.2d 387 (Tex.Crim.App. 1970)

*Strickland v. Washington*, 466 U.S. 668, 687 (1984)

*Waage v. State*, 456 S.W.2d 388 (Tex.Crim.App. 1970)

*Williams v. State*, 209 S.W.3d 124 (Tex. App.- Texarkana 2010)

*Wilson v. State*, 671 S.W.2d 524,525 (Tex.Crim.App. 1984)

*Young v. State*, 14 S.W.3d 748,750 (Tex.Crim.App. 2000)

Tex. Code Crim. Proc. Ann. art 21.02

Tex. Code Crim. Proc. Ann. art. 26.13(b)

Tex. Health & Safety Code 481.112(c)

TEX.R.APP. PROC. 33.1

TEX. CONST. Art. I, § 13

TEX. CONST. Art. V § 12

U.S. CONST. art. VIII

## STATEMENT OF THE CASE

Appellant was indicted for the offense of Possession of a Controlled Substance with Intent to Deliver Over 1 gram under 4 grams in D36,179 in the 13th Judicial District Court of Navarro County, Texas. (Clerk's Record [CR] 13). On November 6, 2015, Appellant entered a plea of guilty (Reporter's Record [RR] Volume 5) and went open to the Court for punishment. (CR 44, 47). The Court ordered a Pre-Sentence Investigation and recessed for the completion of that report. (5 RR 6). After a short punishment hearing on December 18, 2015, the court sentenced Appellant to 6 years TDCJ. The Judgement and Sentence was entered on December 23, 2015 (CR 53).

## STATEMENT REGARDING ORAL ARGUMENT

No oral argument is requested.

## ISSUE PRESENTED

Whether there are any grounds for appeal that are warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law?

## STATEMENT OF FACTS

Appellant was indicted for the offense of Possession of a Controlled Substance with Intent to Deliver Over 1 gram under 4 grams in D36,179 in the 13th Judicial District Court of Navarro County, Texas. (CR 13). Appellant was found to be indigent and Rhett Darby was appointed to represent him. (CR 9). Mr. Darby filed an Omnibus Pre-trial Motion and a Motion to Suppress. (CR 15, 21). These Motions were set for a hearing on July 1, 2015. (CR 15, 21). After a Motion to Continue filed by the Appellant was granted, the Motion to Suppress came to be heard on July 7, 2015 and at the hearing, the State requested a continuance on the hearing which was granted by the court. (2 RR 3). Although not a part of the record, Mr. Darby passed away after this hearing and new counsel was appointed. (CR 33). On November 6, 2015, Appellant entered a plea of guilty (5 RR) and went open to the Court for punishment. (CR 44, 47). The Court ordered a Pre-Sentence Investigation and recessed for the completion of that report. (5 RR 6). After a short punishment hearing on December 18, 2015, the court sentenced Appellant to 6 years TDCJ. The Judgement and Sentence was entered on December 23, 2015 (CR 53). Appellant filed a motion for new trial and general

notice of appeal on January 19, 2016 and March 17, 2016 respectively. (CR 59, 65). The court denied the Motion for New Trial on February 24, 2016 without a hearing. (CR 64). The Trial Court's Certification of the Defendant's Right of Appeal filed with at the time of the plea indicates that Appellant waived his right to appeal. However, a new certification was filed upon appeal that corrects the error and indicates that this was not a plea bargained case so Appellant has maintained the right to appeal. (CR46, 69). Finally, the Judgement reflects that Appellant is to be responsible for court appointed attorney fees, but there is no new finding that the Appellant is not indigent. (CR 53).

## SUMMARY OF THE ARGUMENT

After full examination of the record of the above-referenced case and conducting legal research to determine the existence of any grounds for appeal that are warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law, the undersigned counsel has been unable to find any such grounds and requests this Court to review the record to determine if reversible error has been committed by the trial court in this case.

## ARGUMENT

After full examination of the record of the above-referenced cases and conducting legal research to determine the existence of any grounds for appeal that are warranted

by existing law or by a good faith argument for the extension, modification or reversal of existing law, the undersigned has been unable to find any such grounds and therefore is filing this Brief pursuant to the holdings in *Anders v. California*, 386 U.S. 738(1967). The undersigned requests this Court to review the record to determine if any reversible error has been committed by the trial court in the above-referenced cases. The undersigned, court-appointed counsel, has conducted a thorough examination of this case, including the reporter's record, clerk's record, relevant cases, and statutes. After conscientious examination, however, she finds the appeal to be wholly frivolous. Counsel is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal. Counsel therefore respectfully requests the Court to fully examine the record on appeal for possible prejudicial error and to determine whether counsel overlooked any issue, in accord with *Anders v. California,* 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807(Tex. Crim. App. 1978).

Counsel has sent a copy of this brief with a cover letter to Defendant by first class mail. The cover letter advises Defendant of his right to file supplemental arguments on his own behalf and provides him with the address of the court. Counsel has also provided copies of the Clerk's Record and the Reporter's Record. A copy of the letter is attached in the Appendix to this Brief. Counsel respectfully asks the Court grant Defendant sufficient time to raise any points that he chooses in support of this appeal.

In accordance with *Anders, supra,* counsel submits this brief to provide what assistance she can to the Court reviewing this matter for possible error. Counsel directs the court's attention to the following issues that should be reviewed in any appeal after a plea of guilty and other issues raised by trial counsel in the sentencing hearing.

1.    Sufficiency of the indictment.

The Texas Court of Criminal Appeals has held that an instrument is an indictment "if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Duran v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). Since the 1985 amendments to Article V, Section 12(b), of the Texas Constitution, and Article 1.14(b) of the Texas Code of Criminal Procedure, an Appellant has had the affirmative duty to object to any defect in the indictment before trial. Failure to do so will prevent him from raising a claim of a defect for the first time on appeal. *Sanchez v. State*, 120 S.W.3d 359, 364 (Tex. Crim. App. 2003). The only exception to this rule is when there is a violation of a fundamental right, such as when the trial court lacked jurisdiction on the face of the indictment. Id. at 365. When a trial court errs in overruling a challenge to the indictment, such as through a motion to quash, a conviction may nevertheless be affirmed so long as the defect did not prejudice the defendant's substantial rights. *Adams v. State*, 707 S.W.2d 900 (Tex. Crim. App.

1986), as cited in *Sanchez* at 365.

Appellant was indicted for Possession of a controlled substance with intent to deliver – penalty group 1 – over one gram under 4 grams by a Navarro County Grand Jury. The indictment appears to be valid on its face and carries the signature of the purported Foreperson of the Grand Jury. Tex. Code Crim. Proc. Art 21.02. The language of the indictment is consistent with Section 481.112(c) of the Texas Health and Safety Code and alleges all required elements of the offense as contained in that statute. The indictment is sufficient and conferred jurisdiction upon the trial court. TEX. CONST. Art. V § 12; *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989). (CR 16). There are no apparent grounds of appeal based on the indictment language.

2. Any adverse pretrial rulings affecting the course of the trial, including but not limited to rulings on motions to suppress, motions to quash, and motions for a speedy trial.

Appellant's first counsel filed an Omnibus Pre-Trial Motion and a Motion to Suppress, and an Amended Motion to Suppress. (CR 15, 21, 27 ). However, these motions were never heard or ruled upon. No other motions or objections were located within the record. Further, Appellant waived all previously filed Motions and objections when he entered his plea on November 6, 2015. (CR 47). Thus, there are no

grounds for review based upon any adverse pretrial rulings.

3. Whether the issue of competency was raised prior to sentencing, so as to warrant an inquiry by the court, and whether appellant was mentally competent when the court accepted the plea.

There is no indication from the record that the issue of competency was raised prior to sentencing so as to warrant an inquiry by the court. However, the court did inquire of trial counsel as to whether Appellant had said or done anything to suggest that incompetency might be an issue. Trial counsel answered in the negative. The trial court affirmatively found Appellant competent. (5 RR 5).

4. Whether appellant's plea was freely and voluntarily made.

5. Compliance with Texas Code of Criminal Procedure article 26.13 and, if appropriate, *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

Counsel recognizes the separate and distinct character of the possible arguments stated in issues 4 and 5 above. However, because they are factually intertwined, counsel will discuss these issues together. A plea of guilty must be entered voluntarily and freely. Tex .Code. Crim. Proc. Ann. art. 26.13(b). In considering the voluntariness of a guilty plea, the appellate court examines the record as a whole. *Martinez v. State*, 981 S.W.2d 195 (Tex. Crim. App.1998). A showing in the record that a defendant was admonished by the trial court creates a prima facie showing that the plea was entered

knowingly and voluntarily. Id. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and was harmed as a result. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985). A defendant who is properly admonished by the trial court bears the heavy burden of proving that his plea was entered involuntarily. *Martinez v. State*, 981 S.W.2d 195 (Tex. Crim. App. 1998). Prior to accepting Appellant's plea of guilty, the court inquired as to the voluntariness of the plea. (5 RR 3). Appellant replied that he was entering his plea freely and voluntarily. (5 RR 3). The record contains written admonishments pertaining to the consequences of his plea of guilty which substantially comply with the terms of Tex. Code Crim. Proc. Ann. art. 26.13. These admonishments were signed by Appellant. (CR 44). Additionally, Appellant was orally admonished by the trial court as to the proper range of punishment and his right to a trial by jury. (5 RR 4). After a complete review of the record, the undersigned attorney is satisfied that Appellant was properly admonished and that this plea was made both freely and voluntarily.

6. Any adverse rulings during the sentencing hearing on objections or motions.

7. Any failure on the part of appellant's trial counsel to object to fundamental error.

During the sentencing hearing, two witnesses were called to testify. Trial counsel

did not make any objections during this hearing. Further counsel has been unable to locate any failure on the part of appellant's trial counsel to object to fundamental error.

8. Whether the sentence imposed was within the applicable range of punishment.

Appellant was sentenced to 6 years TDCJ which is well within the 2 – 20 year range for a second degree felony. (6 RR 40 ). The punishment assessed is within the range established by the Legislature, and, as such, does not violate the constitutional prohibitions against cruel and unusual punishment under either U.S. CONST. art. VIII or TEX. CONST. art. I, § 13; *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Nor does counsel discern anything in the record to suggest that the punishment assessed is grossly disproportionate to the crime. See *Harmelin v. Michigan*, 501 U.S. 957 (1991). Appellant did not object to the Court's imposing the sentence. Therefore, he has failed to preserve error, if any, pursuant to TEX.R.APP. PROC. 33.1.

9. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.

The written judgment accurately reflects the sentence that was imposed and there is no indication in the record that Appellant did not received back time credit to which he was entitled. (CR 53). However, the judgement does recite that Appellant is responsible for court appointed attorney fees. This is improper in that there was an initial finding of indigence, and there was no subsequent finding of ability to pay.

Counsel suggests that the judgement should be reformed by this court to delete this requirement.

10. Whether there is evidence to support a guilty plea in a felony case.

This Anders brief must address two distinct issues concerning sufficiency of the evidence - the sufficiency of the evidence to support the Appellant's conviction and the sufficiency of the evidence with respect to the enhancement paragraph enhancing the range of punishment. With regard to the conviction, the Appellant entered into a judicial confession in which he admitted his guilt to the indicted offense. (CR 44). Then, on the record and in open-court, the Appellant also voluntarily pleaded guilty to the indicted offense. (5 RR 3). Neither the Reporter's Record nor the Clerk's Record indicates any irregularities in the plea hearing from counsel's diligent and thorough review of the complete records. A complete, diligent, and thorough review of the record in this matter reveals that it is clear that there was sufficient evidence for the trial court to find Appellant guilty of the offense.

A. Standard of Review - Conviction

In reviewing the sufficiency of the evidence to support a conviction, a court of appeals reviews all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979);

*Hampton v. State*, 165 S. W.3d 691, 693 (Tex.Crim.App. 2005). So long as judicial confessions or stipulations of evidence concerning guilt cover all of the statutory elements of the charged offenses, they will suffice to support the guilty plea. See *Sprinkle v. State*, 456 S.W.2d 387 (Tex.Crim.App. 1970); *Waage v. State*, 456 S.W.2d 388 (Tex.Crim.App. 1970); *Solo v. State*, 456 S.W.2d 389 (Tex.Crim.App. 1970); *Sexton v. State*, 476 S.W.2d 320 (Tex.Crim.App. 1972); *Knight v. State*, 481 S.W.2d 143 (Tex.Crim.App. 1972); *Potts v. State*, 571 S.W.2d 180 (Tex.Crim.App. 1978). Here, Appellant entered a judicial confession admitting guilt to the offense as alleged in the indictment. The indictment for possession of a controlled substance tracks the statutory language in the Texas Health and Safety Code constituting the legal elements of the crime. The Appellant entered a guilty plea to the offense on the record and in open-court. A claim of insufficient evidence to support the Appellant's conviction would not prevail because the record reflects that the specific facts of the incident giving rise to the Appellant's arrest, and later indictment, is legally sufficient to support the Appellant's conviction, because the Appellant signed a judicial confession admitting his guilt, and because the Appellant pleaded guilty to the offense on the record in open-court, this Court has no rationale for finding the evidence of the Appellant's conviction insufficient. As such, under controlling authority, a claim against the sufficiency of the evidence in this regard is frivolous and would not prevail.

Examination of the record to determine if the appellant was denied effective assistance of counsel.

The undersigned attorney has reviewed the performance of trial counsel. The record reflects that Appellant received reasonably effective assistance of trial counsel, based on the standards of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Counsel did file a Motion for New Trial based on Ineffective Assistance of Counsel. However, the trial court denied this Motion without a hearing. The substance of that claim is that Appellant was improperly advised that he would get probation. Counsel understands that upon this record, the Court of Appeals would not have enough information to determine the claim of Appellant without trial counsel being afforded the opportunity to explain or refute the claims made by Appellant. Since no hearing was held, Appellant's best strategy is to save the ineffective assistance of counsel claim, if any, for a post-conviction writ of habeas corpus.

In conclusion, in the undersigned attorney's professional opinion, Appellant received a fair trial free from reversible error. For this reason and for the further reasons stated in this brief, counsel believes that an appeal in this case is without merit.

## CERTIFICATE OF COMPLIANCE

Appellant certifies that the above and foregoing Brief of Appellant filed in this case on complies with the word-count limitations of Tex. R. App. P. 9.4(i) because it contains 3503 words as calculated by the word-count feature of the software used to prepare said document.

## PRAYER

Wherefore, in accord with *Anders*, supra, the undersigned counsel respectfully requests this court to review the entire record in this matter for possible error. Further, counsel prays the court grant Appellant an adequate opportunity to prepare and present any written arguments he wishes to make on his own behalf in light of counsel's inability to find a non-frivolous argument in this appeal. Counsel requests the Court reform the judgment to delete the requirement for payment of court appointed attorney fees. Finally, counsel prays this court grant the Motion to Withdraw as Appellate Counsel filed in conjunction with this brief.

Respectfully submitted,
/s/
Damara H. Watkins
S.B.N. 00787740
1541 Princeton
Corsicana, Texas  75110
Phone: (903)641-2595
Facsimile: (903)872-6456
damarawatkins@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Appellant's Brief was delivered to the all interested parties listed in this brief on the 30th day of June, 2016 by certified mail, return receipt requested.

/s/
Damara H. Watkins